THE COMMERCIAL CREDIT CORP., APPELLANT, *v.* WASSON,
APPELLEE.

(No. 494—Decided March 13, 1944.)

*Messrs. Carpenter & Freeman,* for appellant.
*Messrs. Young & Young,* for appellee.

CARPENTER, J. On June 23, 1941, plaintiff took judgment against the defendant upon a warrant of attorney contained in a cognovit note of which plaintiff was a holder in due course. On October 11, 1941, after the term at which the judgment was taken, defendant, under Section 11631, General Code, filed a petition to vacate the judgment. It alleged that the note was a forgery and that he had no notice of the proceedings in which the judgment was taken until execution was served under it on September 16, 1941. A proposed answer was tendered with the petition which answer denied that any amount was due on the note.

The answer to the petition to vacate admitted that no summons was served on defendant or any notice given when the judgment was obtained. After trial on these issues, the trial court, by its entry finding the judgment was for more than was due and that no sum-

mons was served on defendant, vacated the judgment and gave leave to file the tendered answer. Plaintiff appealed on questions of law. The error assigned is that the judgment is contrary to law and unsupported by the evidence.

There was a sharp dispute as to whether the note was a forgery. Apparently the trial court concluded it was, or at least that a question was presented which should be submitted to a jury. Section 11637, General Code. If it was a forged note, defendant was not liable' on it for any amount and subsection 9 of Section 11631, General Code, applied. This court can not say that the court erred in its conclusion. *Weaver* v. *Weaver*, 15 Ohio Law Abs., 374, was a similar case and the same results were approved.

The order made by the trial court unqualifiedly vacated the judgment. The better and approved practice is to suspend the judgment pending trial of the issues, thereby preserving any liens or securities obtained under the judgment. Section 11637, General Code. In this respect the judgment is modified and as modified is affirmed.

*Judgment modified and affirmed as modified.*

LLOYD and STUART, JJ., concur.