### MOSHER et, Plaintiffs-Appellants v. GOSS, Defendant-Appellee.

Ohio Appeals, Second District, Preble County.

No. 112.    Decided July 8, 1944.

T. L. Barger, Dayton, O., for Plaintiffs-Appellants.
Guy Gaynor, Dayton for Defendant-Appellee.

### OPINION

By HORNBECK, J.:

This is an appeal on questions of law from a judgment of the trial court overruling plaintiffs' motion for a new trial and dismissing their petition seeking to vacate and suspend a judgment entered in behalf of defendant.

Eight errors are assigned which may be resolved into one, namely, that the court under the facts misconstrued the applicable law thereto and should have sustained the prayer of the petition instead of entering judgment against the plaintiffs and dismissing their petition.

The petition seeks to suspend a judgment entered in the Common Pleas Court of Preble County, Ohio, in favor of the defendant and against the plaintiffs in the sum of $1600.00 with interest upon a cognovit note signed by the plaintiffs, their appearance having been entered by counsel under the

power of attorney in the note. Plaintiffs allege that they "had no knowledge that judgment would be taken against them until after certficate of judgment had been filed in the Clerk of Courts of Montgomery County, Ohio, and that they have a valid defense against said note and judgment."

The petition sets up two defenses, the first of which is that prior to the time that the judgment was taken against them and prior to a transfer of the mortgaged property which they on February 23, 1924, conveyed to Max Schneider, they had paid a total of $50.00 on the mortgage note which sum had not been credited.

We first consider the appeal upon the first defense of the petition. This proceeding is instituted by way of §11631 GC and the ninth paragraph thereof which provides that a common pleas court may vacate or modify its own judgment or order, after the term at which it was made.

"For taking judgment upon warrants of attorney for more than was due the plaintiff, when the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment."

The first inquiry to be made upon this proceeding is whether or not a ground is stated under §11631 GC for the vacation or suspension of the judgment and the granting of a new trial. This question must be answered in the affirmative because the averment of the petition comes squarely with the language of §11631 ¶9 GC, McCullough v Luteman, 15 Oh Ap. 207; Watson, et al v Paine, 25 Oh St. 340; Greene v The Woodland Ave., etc., St. R. R. Co. et al., 62 Oh St 67; Horwitz v Murri, 24 Oh Ap, 109.

The second matter for determination is whether the evidence offered on behalf of the plaintiffs makes a showing of a valid defense to the cause of action, i.e. the note upon which the judgment was entered. §11637 GC.

The court took testimony of the plaintiffs and their grantee, Max Schneider, on direct and cross-examination and the court permitted over the objection of counsel for plaintiffs the introduction by the defendant on cross-examination of the note upon which the judgment was taken. The testimony of both plaintiffs was to the effect that their agreement with Goss was that they should pay $10.00 per month to him on his note secured by a second mortgage; that for

five months while they lived in the property and prior to the time they had deeded it to Mr. Schneider they made regular payments in accordance with their agreement. No notation was made on the note of such payments but they testified that Mr. Goss had a little book in which he kept the payments. The court held that the first defense was not supported by the evidence.

We are in accord with the appellate court of the first district in the case of **Minetti v Einhorn, 36 Oh Ap. 310,** which holds that where a ground is asserted for vacation of judgment it is only necessary to support it by a prima facie showing of a defense. The procedure is discussed by this court in **Bank v Exline, et al., 61 Oh Ap 253,** which, although a case involving a proceeding to set aside a judgment during term, gives considerable attention to the essential steps to be taken under §§11631 and 11637 GC to suspend a judgment after term.

It should at all times be borne in mind that the question to be determined in these proceedings is not the ultimate rights of either party but whether or not from the facts appearing, if true, the plaintiffs have a bona fide defense to the action upon which judgment was taken against them. If they make a showing of such defense then they have a right, if action is at law, to have determination of a jury as to the validity on the merits of their asserted defense.

Upon this record, we are of opinion that, as to the claimed payment of $50.00 upon the note upon which judgment was taken, the plaintiffs made a prima facie showing of a bona fide defense and they have the right to present their case with its strength and its weakness to a jury which will say whether or not they have made the payments as testified by them. If they have, obviously the judgment was taken for $50.00, and some interest, more than was due.

The court should have found for the plaintiffs upon their first defense and have suspended the judgment to the extent of the claimed credit in said defense until such time as issue could have been made up under the pleadings and the question submitted for final determination.

The second defense was that at the time that they conveyed the property described in the mortgage to Max Schneider, the plaintiffs and the defendant, Goss, agreed "to substitution of the party Max Schneider, and agreed with them and Schneider that he was to make the payments on the

note that the plaintiffs had formerly agreed to pay; that plaintiffs made no further payments to Goss but that Schneider made the payments which were accepted by Goss and a full release given by Goss to Schneider upon payments made, but that the plaintiffs failed and neglected to obtain the cognovit note given to Goss, notwithstanding Goss had been paid in full under the terms and stipulations herein set out, and that the plaintiffs were not indebted to Goss at the time said cognovit judgment was taken or at any other time in the amounts sued upon or in any other amount."

At the hearing, testimony relating to this second defense was offered at length and specifically by Mr. Schneider. It appeared that he was the purchaser of the property described in the mortgage from the plaintiffs, who were the makers of the original note to defendant, and that in the deed from the plaintiffs to Schneider he assumed and agreed to pay certain mortgages among which was the mortgage given by plaintiffs to the defendant securing a note of $1600.00 dated September 14, 1923, and being the same note which was merged in the judgment against the plaintiffs.

There is nothing in the record which will support the claim that any agreement was made, to which Goss was a party, at the time of the transfer of the premises from the plaintiffs to Schneider; that Goss did release the plaintiffs from their obligation on their note and that he did accept Schneider's obligation in lieu of theirs.

It does appear, however, that on September 30th, 1938, defendant, Goss, and Schneider had a transaction wherein upon the payment to Goss by Schneider of the sum of $200.00 he executed a release to Schneider from any liability by reason of the assumption of a note secured by a second mortgage on the premises owned by him, and referred to in the deed from the plaintiffs to Schneider, and a full and complete discharge of said Schneider from any and all claims by reason of the assumption of the mortgage in the deed from the plaintiffs to him. The court very fully considered the testimony on the second defense and held that, upon the authority of **Denison University v Manning, 65 Oh St 138,** the release was insufficient to relieve the plaintiffs from their obligation as makers of the note to Goss.

We do not determine whether or not the trial judge was correct in his conclusion because of the obvious fact appearing that, whatever the effect of the release, it could not sup-

port the vacation or suspension of the judgment taken against the plaintiffs inasmuch as it was exectued months after the judgment was taken. If it has all the validity claimed for it by the plaintiffs it would require that the court wherein the judgment was taken against them order satisfaction of judgment to be entered and this proceeding is different, separate and distinct from the action here under consideration. The procedure to accomplish the satisfaction of a judgment is considered· at length in Freeman on Judgments, 5th Edition, pages 2399, et seq. Anything that we would say as to the effect of the release upon the obligation of the plaintiffs on their note to the defendant would be obiter, as, clearly, it is no defense to the rendition of the judgment of the defendant against them. It is apparent that, whether or not the plaintiffs were released from any liability on the note under the release to Schneider, they were at least entitled to a $200.00 credit upon the judgment for the money paid by Schneider to Goss because of Schneider's assumption of the payment of the mortgage note in the deed from plaintiffs to him.

An interesting discussion of the law germane to the effect of the release to Schneider will be found in Annotations in 21 A. L. R. 439; 41 A. L. R. 279; 81 A. L. R. 1026 and 101 A. L. R. 618.

The judgment will be reversed, insofar as it has application to the first defense of the plaintiffs in their petition, and affirmed as to the second defense.

BARNES, P. J. and GEIGER, J. concur.