**FOWLER, Plaintiff-Appellee, v. ANTHONY, Defendant-Appellant.**

Ohio Appeals, Second District, Miami County.

No. 460.   Decided November 2, 1951.

Enyeart & Dixon, Troy, for plaintiff-appellee.
Forrest L. Blankenship, Troy, for defendant-appellant.

## OPINION

By THE COURT:

This is an appeal on questions of law from a judgment of the Common Pleas Court denying defendant's appellant's prayer for the vacation of a judgment of the plaintiff against him and dismissing the petition and thereafter overruling defendant's motion for new trial.

The chronology of events leading up to the judgment from which the appeal is prosecuted is that on September 15, 1949,

plaintiff took judgment against the defendant on a promissory note appearances having been entered and waived under the power of attorney in the note. Thereafter levy was made on certain property of defendant. On December 15, 1949, plaintiff petitioned to marshal liens against the defendant and for the sale of certain real estate owned by him. December 20, 1949, defendant was granted as a homestead exemption the auto house trailer as claimed by him on December 1, 1949. February 13, 1950, at a term succeeding the entering of the judgment against the defendant, he filed the petition herein to vacate the judgment and for a new trial. On April 14, 1950 plaintiff answered to the petition to vacate by specific denials of the truth of the three grounds set up in the petition.

Appellant cites four assignments of error.

(1) The denial of the petition to vacate the judgment without permitting appellant to offer any evidence upon the issue presented upon the petition to vacate.

·(2) In overruling defendant's motion for new trial on the order refusing to vacate the default judgment.

(3) In entering final judgment for the plaintiff and against the defendant for more than was due the plaintiff and

(4) The Court erred and abused its discretion in refusing to hear evidence on the petition which defendant was ready to offer and thereby depriving defendant of the right to prepare a bill of exceptions.

The determinative question is whether or not the Court in view of the state of the pleadings when the judgment was entered, exceeded his authority in denying the defendant the relief sought and in dismissing his petition.

The defendant seeking to have the judgment vacated after term properly instituted his proceedings by the filing of a petition and therein stated, if true, good and valid defenses to the note sued upon. The petition alleged, if true, three defenses to the action of plaintiff in the note which was merged into judgment. The judgment entry recites that

"The Court finds that the defendant in applying to have his homestead exemptions set off to him and his neglect at that time to file a motion to vacate the judgment was guilty of laches and estopped from petitioning at this time for the vacation of the judgment. That the defendant has clearly slept on his rights and is not only guilty of laches, but conduct which has estopped him from now petitioning to vacate the judgment,"

It will be noted that the trial judge made no adjudication of the issue drawn by the petition to vacate and the answer thereto and, although the defendant sought to offer evidence to support the averments of his petition he was not permitted

to do so. Thus, there is no record, save only the pleadings, applications and judgment entries, upon which this Court may determine the validity or invalidity of the order to which the appeal is directed.

It is recognized that the trial judge, in the situation presented here, had wide discretion in granting or denying the prayer of the petition. However, "the discretion of the Court to vacate or set aside its judgment after the judgment term is governed by settled principles to which the action of the Court must conform." **23 O. Jur. 1178.**

Both estoppel and laches are affirmative defenses. Assuming, but not deciding that it was appropriate to assert these defenses in the answer to the petition to vacate, the plaintiff did not avail himself of this privilege. As they are affirmative defenses, it must be assumed that the plaintiff did not choose to assert them. We are of opinion that this privilege was personal and that the court should not, on its own motion, have interposed these defenses as a basis for the denial of the petition to vacate.

The answer of the plaintiff to the petition to vacate raised the issue which would have been raised had no such answer been filed, namely: the truth of the asserted defenses.

No opportunity was afforded the defendant to meet the defenses of laches and estoppel, a right which clearly should have been accorded him at the appropriate time which would have been when, and if, the judgment was suspended on the petition to vacate.

**Sec. 11631 GC** affords the specific legal basis for defendants relief. There are ten grounds set forth in the section. No. 1 as to granting a new trial within the time and in the manner provided in §11580 GC affords some support for the judgment of the court as to the failure of the defendant to exercise due diligence in seeking vacation of the judgment but there are two other specific grounds for the vacation of the judgment. No. 4, fraud, and No. 9 "for taking judgments upon warrants of attorney for more than was due the plaintiff when the defendant was not summoned or otherwise legally notified of the time and place of the taking of such judgment." Both of these grounds were asserted in defendant's petition and as to them the defenses of laches and estoppel clearly were not available to the plaintiff upon the state of the record at the time that the Court entered the judgment of dismissal of the petition.

Defendant was entitled under the Code to a determination by the trial judge whether or not he had a probable or prima facie defense to the petition to vacate. This adjudication was not made.

452

The judgment will, therefore, be reversed with instructions to the trial judge to hear and determine the issue drawn on defendant's petition.

HORNBECK, PJ, WISEMAN & MILLER, JJ, concur.