**WORLEY, Plaintiff, v. DICKERSON et, Defendants.**

Common Pleas Court, Franklin County.

No. 180627. Decided April 1, 1953.

Ray E. Hughes, Columbus, for plaintiff.
C. M. Addison, Columbus, for defendants.

**OPINION**

By BARTLETT, J.

1. THE MOTION OF PLAINTIFF TO STRIKE FROM THE FILES AND DISMISS THE ANSWER HEREIN IS OVERRULED.

2. THE MOTION OF THE DEFENDANTS, FILED AUGUST 7, 1950, TO VACATE THE COGNOVIT JUDGMENT ENTERED HEREIN, JULY 17, 1950, HAS BEEN RECONSIDERED: THE COURT HEREBY CONFIRMS THE COURT'S ORDER THERE-ON, CONTAINED IN THE ENTRY FILED AUGUST 8, 1950, AS MODIFIED BY ITS CORRECTED ENTRY (FEBRUARY 4, 1953), FILED AS OF AUGUST 12, 1950; AND THE COURT FURTHER FINDS THAT THE ANSWER TENDERED AUGUST 7, 1950, AND FILED BY LEAVE OF THE COURT HAS NOT AND SHOULD NOT BE SET ASIDE, AS IT SETS UP WHAT IN LAW IF ESTABLISHED WOULD BE A DEFENSE: IT IS, THEREFORE, ORDERED THAT SAID ANSWER BE DEEMED FILED AS OF AUGUST 8, 1950.

3. PLAINTIFF IS GRANTED LEAVE TO FILE HIS REPLY WITHIN RULE DAY: AND THE JUDGMENT DATED JULY 17, 1950, SHALL REMAIN SUSPENDED UNTIL THIS CAUSE SHALL BE TRIED ON ITS MERITS.

This matter is before the Court on plaintiff's motion to strike from the files and dismiss the answer of the defendants filed August 7, 1950; and the motion of the defendants filed August 7, 1950, to vacate the cognovit judgment entered July 17, 1950, is, also, before the Court, by virtue of the Court's order as of August 12, 1950, reserving the consideration of said motion on further hearing, after having modified its order of August 8, 1950, that said judgment (of July 17, 1950) be suspended until further order and that the execution thereon be re-instated and held in suspension until further order of the Court. The entry of modification under date of August 12, 1950, makes no reference to the defendants' answer tendered August 7, 1950, but the Court's entry of August 8, 1950, expressly ordered the tendered answer to be filed.

The Court having found on August 8, 1950, that the motion to vacate the judgment was well taken, and the answer tendered stated facts which if established would constitute a proper defense, the Court should have ordered "the judgment suspended until the cause should be tried on its merits." **Meyer, et al. v. Meyer, 25 Oh Ap 249.**

"It is only necessary to support an asserted ground for vacation of a judgment by a prima faccie showing of a defense, * * *." **Mosher et al. v. Goss, 42 Abs 404** (2nd District Court of Appeals).

The successive steps to vacate a judgment, after term, as

in the foregoing cases, under §11631 to §11637 GC, inclusive, are outlined First National Bank, etc. v. Mullen, et al. 7 N. P. (N. S.) 313.

The procedure laid down in §11631 to §11637 GC relates to the vacation and modification of judgments by the Court, after the term at which they were made, and does not limit a court of general jurisdiction in the exercise of the control over its judgments during the term, which control may be exercised within the sphere of sound discretion, as an inherent right founded upon common law. **First Nat'l. Bank etc. v. Smith, 102 Oh St 120; Daugherty v. Wilson and Son** (2nd Dist. Court of Appeals), **14 Abs 655; Canal Winchester Bank v. Exline, et al., 61 Oh Ap 253;** and Metzger v. Zeissler et al. 13 N. P. (N. S.) 49.

In the case of **Trustees v. McClannahan, et al., 53 Oh St 403,** Williams, J., in his opinion observes:

"The hearing upon the motion is not the mode provided by law for the trial of the issues joined in the action, and neither party can be deprived of the lawful mode of trial by the decision on the motion, whatever it may be. * * * A hearing upon the motion was not designed to take the place of a trial. It may be had upon affidavits taken without opportunity for cross-examination, and is not in any proper sense a trial."

The original cognovit judgment was taken upon a petition verified on belief by his attorney and not the plaintiff. The answer was tendered August 7, 1950, duly sworn to by both defendants. The records fail to disclose any denial of the allegations contained in the answer, during the two and one-half years the answer has been pending. There is some showing that counsel for plaintiff, at one time, claimed the issues raised by the answer were res **judicata.**

"A former recovery relied upon as an estoppel should be pleaded; * * *." **Meiss v. Gill, 44 Oh St 253; Petersine v. Thomas, 28 Oh St 596;** and Werner v. City of Cincinnati, 3 C. C. (N. S.) 276, affirmed April 5, 1904 by Supreme Court, without opinion.

An "oral hearing" was requested, if that meant to offer oral testimony on the motions, it would seem to be improper under the observations of Williams, J., in case of Trustees v. McClannahan, et al., supra, and R XV of this Court provides oral testimony will not be received except by permission of the Court. The Court feels this is not the time for oral testimony. If oral argument was all that counsel anticipated, better than thirty days have elapsed without fixing a time for same.

In any event the Court, after a careful review of the record, is convinced that a limited oral argument on these motions, would not serve a useful purpose.

It is, therefore, ordered that plaintiff's motion to strike from the files and dismiss the answer, be overruled.

On reconsideration of the defendants' motion, filed August 7, 1950, to vacate the cognovit judgment entered July 17, 1950, the Court hereby confirms its order, based upon said motion, as contained in the entry filed August 8, 1950, as modified by its corrected entry filed as of August 12, 1950, the Court further finds that the answer tendered August 7, 1950, and ordered filed by the Court, August 8, 1950, has not and should not be set aside, as it sets up facts which if established, would be a proper defense. It is, therefore, ordered that the answer be deemed filed as of August 8, 1950.

Plaintiff is granted leave to file his reply within rule day; and it is further ordered that the judgment entered July 17, 1950, shall remain suspended until this cause shall be tried on its merits. Entry to be prepared accordingly with exceptions by counsel.