Bell, J.
In its opinion affirming the judgment of the trial court, the Court of Appeals said:
“In attempting to vacate a judgment under such circumstances what needs to be shown is prima facie proof supporting the defense. But the defense which is presented here is that the note is a forgery upon which the defendants are not bound. Either such claim is true or is not true. The same proof is required on the motion [petition] as on the merits. It must follow, therefore, that even though the rule be as just stated, a trial judge is not required in all events to give cred *112 ence to the incredible in determining the issue on the motion [petition].”
When the above-quoted expression is contrasted with the expressions of other Courts of Appeals, it is apparent that there is little resembling a unanimity of opinion as to the duty of a trial court in passing on a petition to vacate a cognovit judgment.
For instance, in Bellows v. Bowlus, 83 Ohio App., 90, 82 N. E. (2d), 429, a defendant against whom a cognovit judgment had been rendered filed a petition to vacate alleging “that judgment was entered for more than was due; * * * that at the time the judgment was taken there was a valid defense to the action; and that defendant is entitled to have the judgment vacated and set aside.” The trial court overruled a demurrer to the answer containing a general denial and certain affirmative defenses, and the defendant filed a reply to the answer. The case was tried on those pleadings, and, at. the conclusion of the trial, the court dismissed the petition to vacate and entered a judgment in favor of plaintiff. In reversing the judgment of the trial court, the Court of Appeals of the Sixth Appellate District said:
“The defendant having made a prima facie showing that he had a valid defense to plaintiff’s action, the judgment should have been suspended and the defendant given leave to file an answer. On the issues thus raised, the parties were entitled to a jury trial. Th premature disposition of the issues of fact upon which the defense to the note was predicated was erroneous and prejudicial to the defendant.”
The Court of Appeals of the Second Appellate District has been fairly consistent in adhering to a similar ruling. See Weaver v. Weaver, 15 Ohio Law Abs., 374; Mosher v. Goss, 42 Ohio Law Abs., 404, 60 N. E. (2d), 730; Fowler v. Anthony, 65 Ohio Law Abs., 449, 114 N. E. (2d), 859; Canal Winchester Bank v. Exline, 61 Ohio App., 253, 22 N. E. (2d), 528. But see Goodyear v. Stone, post, 124.
In Washington v. Levinson, 66 Ohio App., 461, 35 N. E. (2d), 161, a defendant against whom a cognovit judgment had been rendered filed a “bill of particulars” alleging that he did not sign the note. The trial court heard all the evidence and “vacated” the judgment. In modifying the judgment to “sus *113 pension” rather than “vacation” and in affirming as so modified, the dourt of Appeals of the First Appellate District said:
“At a hearing under Section 11631, General Code [Section 2325.01, Revised Code], the court does not decide the merits of the original controversy. It determines (1) whether there is one of the grounds set forth in Section 11631, General Code, for the vacation or modification of the judgment, and (2) in order that an opportunity to litigate the original controversy may not be entirely vain and futile, it also determines whether there is a valid defense to that action in the sense that a valid defense is alleged and sufficient evidence produced, if believed, to lead the court to conclude that the trier of the facts in the original action would decide that it was sufficient, and on these issues, the parties have a right to introduce all relevant evidence and the court should consider all such evidence in reaching its conclusion. If the court finds that the defendant has a valid defense in this sense, it does not render judgment in the original action. It makes an order suspending the judgment that had been rendered until such time as the issues in the original action could be joined and determined, as though no judgment had ever been entered. If the issues of fact are triable to a jury and the jury is not waived, they must be submitted to a jury.” The apparent confusion in procedure as reflected in the cases cited herein and in many others dealing with the subject stems from a difference in interpretation of the provisions of Sections 2325.06 and 2325.07, Revised Code, as they apply to the provisions of Section 2325.01, Revised Code.
Section 2325.01, Revised Code, reads as follows:
“The Court of Common Pleas or the Court of Appeals may vacate or modify its own final order, judgment, or decree after the term at which it was made:
‘ ‘ (A) By granting a new trial of the cause, within the time and in the manner provided in Sections 2321.19 and 2321.21 of the Revised Code;
“(B) By a new trial granted in proceedings against defendants constructively summoned as provided in Section 2703.18 of the Revised Code;
“(C) For mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order;
*114 “(D) For fraud practiced by the successful party in obtaining a judgment or order;
“(E) For erroneous proceedings against an infant or person of unsound mind, when the condition of such defendant does not appear in the record, nor the error in the proceedings;
“(F) For the death of one of the parties before the judgment in the action;
“(G) For unavoidable casualty or misfortune, preventing the party from prosecuting or defending;
“(H) For errors in a judgment, shown by an infant within 12 months after arriving at full age as prescribed in Section 2323.21 of the Revised Code;
“(I) For taking judgments upon warrants of attorney for more than was due the plaintiff, when the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment;
“ (J) When such judgment or order was obtained, in whole or in a material part, by false testimony on the part ol the successful party, or any witness in his behalf, which ordinary prudence could not have anticipated or guarded against, and the guilty party has been convicted.”
Section 2325.04, Revised Code, provides specifically that proceedings under subdivision (C) of Section 2325.01 shall be by motion upon reasonable notice to the adverse party.
Section 2325.05, Revised Code, reads as follows:
“The proceedings to vacate a judgment or order on the grounds mentioned in divisions (D) to (J), inclusive, of Section 2325.01 of the Revised Code, shall be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and, if the party applying was defendant, the defense to the action. On such petition a summons shall issue and be served as in the commencement of an action.” Section 2325.06, Revised Code, reads as follows:
“The Court of Common Pleas or the Court of Appeals must try and decide upon the grounds to vacate or modify a judgment or order, before trying or deciding upon the validity of the defense or cause of action.”
Section 2325.07, Revised Code, reads as follows:
“A judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in *115 which the judgment was rendered; or, if the plaintiff seeks its vacation, that there is a valid cause of action. When a judgment is modified, all liens and securities obtained under it shall be preserved to the modified judgment.”
Because of these sections, there can be little doubt as to the successive steps to be taken. After a judgment is rendered, and a vacation or modification thereof is sought by the judgment debtor after term, such judgment debtor files a verified petition setting forth the judgment, the grounds for vacation or modification and his defense. The accepted practice in setting forth the defense is to tender an answer as to the original proceeding.
The law then enjoins the court to first “try and decide upon the grounds” for vacation of the judgment before proceeding to pass upon the question of the validity of the defense. And it is at this point that confusion begins to rear its untidy head.
An analysis of Section 2325.01, Revised Code, indicates thát of the ten “grounds” for vacating or modifying a judgment after term only subdivision (C) — mistake of clerk or irregularity, (D) — fraud practiced by the successful party, (I) — judgment on warrant of attorney for more than was due, and possibly (J) — judgment based on perjured testimony, can have any application to a petition to vacate or modify a judgment taken on a cognovit note.
Little difficulty is encountered if the “ground” alleged for vacating or modifying the judgment is totally unrelated to the claimed defense as to the original proceeding. Thus, in the case of a cognovit judgment, if the alleged ground is subdivision (D) of Section 2325.01, i. e., fraud practiced by the successful party in that he fraudulently changed the date on the instrument, and the defense tendered is a personal one not available to the maker as against a holder in due course, the court can determine the existence of the ground of fraud without determining an issue as to purchase before or after maturity raised by the tendered defense. Similarly, if the alleged “ground” is an irregularity, in that a copy of the note was not attached to the petition or that the clerk entered an amount different from that shown in the judgment entry, that issue can be determined without determining, for instance, a tendered defense of payment.
The real difficulty arises when the alleged “ground” for *116 vacating is that the judgment is for more than was due and the proof required to establish such “ground” is the same as the proof required to establish the tendered defense, whether that defense be payment, the statute of limitations, forgery, or want or failure of consideration.
In approaching the problem involved herein, several decisions of this court must be considered.
In Frazier v. Williams, 24 Ohio St., 625, a judgment by default was rendered in an action to recover possession of real estate against four persons. After sustaining a demurrer to a petition to vacate such judgment as to two defendants and overruling the demurrer as to two others (women who were unmarried at the time the original proceeding was instituted but who married prior to the judgment), the Common Pleas Court, without any waiver of a jury by either party, proceeded to hear evidence touching the validity of the defense and after hearing the same dismissed the petition to vacate. The District Court reversed the judgment of the Court of Common Pleas. This court, in overruling a motion for leave to file a petition in error, said:
“The object of those sections [537 and 538 of the Code of Civil Procedure, S. & C., 1115, now Sections 2325.06 and 2325.07, Revised Code], in postponing the judgment to vacate until it shall be adjudged that there is a valid defense to the action, is merely to preserve the liens and priorities of the original judgment, in case a similar judgment should be rendered upon the trial of the cause. It was not the intention to deprive' the parties of their right to a jury trial. The meaning of those sections is, that when the court has decided that there is good ground to vacate, the judgment to vacate shall be suspended until after the cause is tried — by a jury, if one is demandable, and not waived, or by the court, if a jury is not demandable, or is waived; and if, on such trial, the defense is established, then judgment of vacation is to be entered; or, if the defense fails, the petition to vacate is to -be dismissed, or the judgment affirmed, or such other judgment is entered as the result of the trial indicates.”
In Watson v. Paine, 25 Ohio St., 340, judgment was rendered on a note which recited waiver of service of summons and an *117 authorization to confess judgment in favor of the holder of the note. After term, the defendants proceeded under Sections 534 and 536 of the Code of Civil Procedure, S. & C., 1112, 1115 (now Sections 2325.01 and 2325.05, Revised Code), by petition to vacate the judgment. The petition to vacate set forth, in substance, that the note had been fully paid, v that the judgment had been rendered on a warrant of attorney, without process, and that the power to confess judgment under the warrant had become wholly inoperative after the note had passed out of the hands of the payee. After hearing, the Common Pleas Court found that the allegations of the petition were proved and ordered the judgment set aside and held for naught. The plaintiff moved the court to place the case on the trial docket for trial, and that motion was overruled. The District Court reversed the judgment of the Court of Common Pleas. This court in affirming the judgment of the District Court said, in part:
“When a proceeding by petition or by motion to vacate or modify a judgment is instituted, under Section 535 or 536, the first thing to be done by the court is to try and decide whether or not a ‘ground’ to vacate or modify exists. Sec. 537. ‘The grounds’ referred to in this section are those enumerated in the nine subdivisions of Section 534 [Section 2325.01, Revised Code, now has ten subdivisions, the tenth, or perjured testimony, ground having been added by amendment on March 9, 1880, 77 Ohio Laws, 46]. In some eases, the question thus to be tried and decided, can be determined by inspection of the record; in others the testimony of witnesses must be heard. But in all cases, this question must be tried and decided by the judge or judges.
“When the existence of ground to vacate or modify is thus decided, the case is not yet ready for a final judgment of vacation or modification. Before such judgment can be entered, if the petition or motion be filed by the defendant in the original action, it must be adjudged that there is' a valid defense to the action. Sec. 538. In order that the validity of the defense may be adjudged, an issue or issues should be made up by proper pleadings. * * * When the issue is thus made up, it should be tried as in other cases. Frasier v. Williams, 24 Ohio St., *118 625. After such trial, and not before, the court is authorized to render a final judgment or order of vacation or modification of the original judgment.”
To the same effect is Follett v. Alexander, 58 Ohio St., 202, 50 N. E., 720.
Although it is clear from the above-cited cases that there is a duty upon the trial court to try and decide upon the “grounds” for vacating a judgment after term, no rule can be deduced from them as to the manner of such “trying and deciding” or the quantum of proof required. The only rule that can safely be deduced from them is that upon deciding that such grounds exist it is error to thereupon vacate the judgment without first trying, or having tried, the validity of the defense interposed.
That such is the rule is clearly demonstrated by the second paragraph of the syllabus in Lee v. Benedict, 82 Ohio St., 302, 92 N. E., 492, which reads as follows:
“Proper practice in such case requires that the court, upon the hearing of such motion, should first pass upon the ground of irregularity charged and if sustained and the defendant had shown what in law if established would be a defense, then order the judgment suspended until the cause should be tried on its merits. And it is error for the court, upon the hearing of such motion, to enter final judgment of vacation. Watson v. Paine, 25 Ohio St., 340; Follett v. Alexander, 58 Ohio St., 202, approved and followed.”
The subject was next considered by this court in Bulkley v. Greene, 98 Ohio St., 55, 120 N. E., 216. The defendant in that case filed a petition to suspend and vacate a cognovit judgment on the ground that the amount of the judgment “was more than was due the plaintiff.” In connection with that petition the petitioner (defendant in the original proceeding) alleged that he had three valid defenses, the first two dealing with lack of consideration and a conditional promise to pay, and the third being a claim of fraud with a counterclaim. As indicated in the report of the case, “issues were joined by the parties, not only on the ground set forth for vacation, but also on the defenses set forth in the petition for vacation.” The trial court heard the case without the intervention of a jury and found, as indicated by the journal entry, as follows:
*119 “This day this cause came on to be heard upon the petition of plaintiff, the answer of the defendant, the reply of the plaintiff thereto, the exhibits and the evidence, and being submitted to the court, and the court being fully advised in the premises do find on the issues joined in favor of the defendant. The court further find that plaintiff is not entitled to the relief sought in his petition [i. e., vacation or suspension of the judgment], and the same is therefore denied and said petition dismissed
# * * ? J
It is thus apparent that the trial court in the Bulkley case determined the entire lawsuit without the intervention of a jury because, as stated, issues were joined not only on the ground set forth for vacation but also on the defenses set forth, and, as indicated by the journal entry, the case was heard by the court on the petition, the answer, the reply, the exhibits and the evidence.
In the light of what actually happened in the trial court in the Bulkley case, it is difficult to rationalize the resume of the law on this subject as outlined in the opinion in the case, where it is said:
“Where a petition to vacate a judgment has been filed by a defendant to the action he must present therewith his defenses thereto. The power of the court extends to an adjudication of the validity of these defenses. If in law valid, should the grounds of vacation be sustained, the issues of fact presented by the defenses are triable to a jury, if a jury issue; or to the court, if triable to the court or a jury be waived. By the provisions of the Code the grounds to vacate must be first tried and determined by the court. However, by express provisions of the Code, and to preserve liens or securities, the order of modification or vacation of the former judgment is held in abeyance until after the issues joined and presented by the defenses have been finally determined. Section 11637, General Code [Section 2325.07, Revised Code], and Frazier v. Williams et al., 24 Ohio St., 625.” (Emphasis added.)
In explanation of this apparent anomoly, the opinion continues :
“Plaintiff in error [judgment debtor] now insists that the issues involved in the defenses should have been tried to a jury. The 'journal entry discloses that the court found on all tbe *120 issues joined in favor of the defendant Greene [judgment creditor]. At that stage of the case the issue involved in the vacation was that the confessed judgment was taken for an amount-more than was due. Under Section 11636, General Code [Section 2325.06, Revised Code], this was triable to the court, which, under the provisions of that section, ‘must try and decide upon the grounds to vacate,’ and determine that issue by the preponderance of the evidence. A jury is not demandable for that purpose. The preliminary issue is triable to the court. It may occur that one of the defenses presented is of such a character that its adjudication may determine the ground for vacation of the cognovit judgment. A defense alleging partial or full payment of the note, or the taking of judgment for illegal interest, would necessarily involve the preliminary ground for its vacation, since such defense affects the amount due on the note. In such case, establishing the defense would of necessity also establish the ground for the vacation; or, if the second defense here offered were proven, the same result might obtain. ’ ’
Thus, under the Bulkley case, where the establishment of the grounds for vacating the judgment is dependent upon the same evidence as the establishment of the tendered defense, the trial court, without the intervention of a jury, determines both issues finally.
It may be observed that in the Frazier, Watson, Follett and Benedict cases, supra, the hearings resulted in' the granting of the petitions to vacate. In the Bulkley case, the determination was against the petitioner. In the former cases, the rule was established that the court can not enter a final judgment of vacation but must reserve that question pending a final adjudication of the merits of the case by a jury or, if a jury is waived, by the court. In the latter case, the determination was made by the court, both as to the grounds for vacating and as to the validity of the defense.
It is conceivable, of course, that the parties in the Bulkley case may have, in effect, waived the right to submit the issues of defense to a jury, although failure to so submit them was assigned as error in this court by the judgment debtor. As the issues were made up both on the vacation grounds and the *121 defense, it might be inferred that there was such a waiver. If that were the case, the majority of the present members of the court have little quarrel with the result of the Bulkley case.
If, however, the rule of the Bulkley case is that, in the absence of waiver of a jury, all the issues are tried by the court, the majority of the members of the court are of the opinion that it goes too far. On the other hand, we believe that the provisions of Section 2325.06, Revised Code, require something more than the mere allegation of grounds for vacation and of matters of defense, and, in the case of the assertion of subdivision (I) of Section 2325.01, Revised Code, as the ground for vacation, something more than a mere prima facie showing of a defense.
Within the knowledge of the writer, there are trial judges who conceive their duty when confronted with a petition to vacate a judgment to be the same as that when confronted with an application for a temporary restraining order which accompanies a petition for injunction, i. e., where the allegations of the petition, if true, would warrant the granting of an injunction, the temporary injunction will be allowed.
We conceive this to be the correct rule in the procedure under consideration, where the proof of the ground for vacation is totally unrelated to the proof of a defense. That is, where it is proved by a preponderance of the evidence that one of the grounds for vacating a judgment exists, and that proof does not involve proof of the defense, it is then the duty of the court to look further to the defense. If the defense will be effective if proved, the court should suspend the judgment and permit the issues raised by the defense to.be tried by a1 jury or, if a jury is waived, by the court.
Where, however, proof of the ground that judgment was taken “upon warrants of attorney for more than was due the plaintiff” is dependent upon the same evidence that proves a defense, whether that defense be one of payment, statute of limitations, forgery, lack of consideration, or any other defense that would show that the judgment is for more than was due, we conceive the duty of the trial judge to be similar to his duty where he is confronted with a motion for a directed verdict at the close of all the evidence. That is, if there is *122 credible evidence supporting the defense (which would, as a matter of course, establish the ground) from which reasonable minds may reach different conclusions, it is then the duty of the court to suspend the judgment and permit the issue raised by the pleadings to be tried by a jury or, if a jury is waived, by the court.
Is there such credible evidence from which reasonable minds might reach different conclusions in this case?
As indicated earlier, each of the defendants denied his or her signature on the note but on cross-examination admitted their signatures on certain other documents admitted in evidence. The plaintiff testified that the note was signed by the defendants in his presence and delivered to him by them.
In our opinion this raised a question of fact upon which reasonable minds might reach different conclusions. It was not the function of the judge to determine at that point that he would set aside a determination of the question by a jury as against the weight of the evidence.
The Court of Appeals in affirming the judgment of the trial court herein stated in its opinion, in part, as follows:
“In the case of Alliance First National Bank v. Spies, 158 Ohio St., 499, 110 N. E. (2d), 483, 35 A. L. R., 1446, the court, in effect, held that on the trial of a motion to vacate a judgment after term, a court may disbelieve the testimony of an interested party.”
We do not so interpret the Spies case. There was involved in that case a cognovit judgment taken in 1950 on a demand note executed in 1931. The Common Pleas Court dismissed the petition to vacate the judgment, and the Court of Appeals reversed the judgment of the Common Pleas Court. The sole question involved in that case was whether an irrevocable grant of authority to confess judgment was subject to the statute of limitations pertaining to agreements in writing, and all four paragraphs of the syllabus are directed toward that problem.
In fact, we believe that the portion of the Spies case opinion interpreted by the Court of Appeals herein requires an opposite conclusion from that reached by that court. Judge Taft, in such opinion, said:
“In support of its position plaintiff argues * * *(3) that *123 the Common Pleas Court, as the trier of the facts, could disbelieve the testimony of the interested defendants and determine as it did that they had not sustained the foregoing burden of proof * * *.
“In our opinion, these arguments do not justify a reversal of the judgment rendered by the Court of Appeals.” (Emphasis added.)
After a verdict, in considering a motion for judgment notwithstanding the verdict or a motion for a new trial, it is the proper function of the trial court to weigh the evidence and to determine whether the verdict is manifestly against • the weight thereof. Section 2321.17, Revised Code. See, also, State, ex rel. Blasko, v. McGinnis, 167 Ohio St., 532, 150 N. E. .(2d), 409. But see Section 2321.18, Revised Code. It is not the function of the court to weigh the evidence and determine the credibility of witnesses in determining whether there is credible evidence in the record which, if believed by the trier of the facts, would raise a question upon which reasonable minds might reach different conclusions.
The judgment of the Court of Appeals is reversed, and the cause is remanded to the Court of Common Pleas with instructions to suspend the judgment heretofore entered, pending a trial upon the merits of the defenses set forth in the answer of defendants.

Judgment reversed.

Weygandt, C. J., Zimmerman and Herbert, JJ., concur.