### No. 887
### FIELDER v. BIGELOW.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7426. Decided Nov. 8, 1926.

144. BILLS OF SALE—118. Automobiles
—Where vendor does not give vendee bill of
sale for automobile, title remains in vendor
and he has right to sell said automobile; but
he cannot sue first vendee on notes for bal-
ance because same are without consideration.

Error to Municipal Court.

Judgment reversed.

J. C. Heald, Cleveland, for Fielder.

H. R. Scobie, Cleveland, for Bigeow.

VICKERY, J.

Bigelow brought suit in the Cleveland
Municipal Court to recover a balance of $200
due on a cognovit note. Judgment was ob-
tained and error was prosecuted to reverse
said judgment.

Bigelow, it seems, was manager of an auto-
mobile sales room and employed Fielder. The
parties agreed, in lieu of giving Fielder an
increase in salary, that Bigelow would sell to
Fielder an automobile at the exact cost to him,
and, at the end of three months, Fielder might
sell same and thus make a profit on it and,
in that way, have his wages increased, and, at
the end of three months, a new automobile
would be given him on the same terms.

An automobile was turned over to Fielder,
who gave Bigelow his cognovit note for $600.
No bill of sale was given, but Fielder con-
tinued to work for Bigelow. It was alleged
that, because of Bigelow's refusal to give a
bill of sale, Fielder was unable to sell the car.
The note became due and a new note was
given but, before that note became due, Field-
er no longer remained in Bigelow's employ.
The car was left in Bigelow's possession, and

he sold it, giving a bill of sale for same, and applied the purchase price, of about $400, to the note, and then took judgment for the balance.

Either a want of consideration, or a failure of consideration would be a good defense, if properly pleaded, and whether it was want of consideration or failure of consideration, could only affect the burden of proof.

Inasmuch as the note was given for the sale of an automobile, and there was no transfer of title in any way, shape or manner, the note was given without consideration.

Unless a bill of sale is given, the title remains in the vendor. Bigelow, in the instant case, without having a re-transfer of title to him, sold the automobile as his own car and gave a bill of sale therefor. Title never having been passed from him, he had a perfect right to do so; and, this being so, the note upon which suit was brought is absolutely without consideration.

(Levine, PJ., and Sullivan, J., concur.)