## WEAVER v WEAVER et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1157. Decided June 29, 1933

E. H. & W. B. Turner, Dayton, for plaintiff in error.

John W. Kreitzer, Dayton, for defendants in error.

**OPINION**

By BARNES, J.

Plaintiff in error, Elgar Weaver, prosecutes error from this judgment and order of the Court of Common Pleas. The bill of exceptions presents the evidence taken in the proceedings to vacate. Complaint is made that the trial court found that the proceedings were had under the provisions of §11638 GC. We are inclined to the belief that this section primarily is intended to grant ancillary relief, although we do not hold that an original action might not be instituted under this section. We do not think that the proceedings in the instant case were under this section. As we view it, the determination of this question is not important since the order of the court as disclosed by the journal entry follows the designated procedure prescribed in §11635 GC. §11635 GC makes reference to §11631 GC, the later section prescribing the various grounds upon which judgment may be vacated or modified after the term in which it was rendered. Paragraph 9 of this §11631 GC reads as follows:

"9. For taking judgments upon warrants of attorney for more than was due the plaintiff, when the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment."

Counsel for plaintiff in error make the contention that the court was not warranted in making his order suspending judgment under this paragraph 9 or any other subdivision of §11631 GC. It is urged by defendant W. H. Weaver that there was nothing due against him arising only by reason of his claim that he did not sign or authorize the signing of the note upon which judgment was taken. It is urged that the question of forgery in no wise questions the amount due. We do not think that the statute should be given such a limited construction. It certainly is a fact requiring no further demonstration that if the defendant W. H. Weaver did not sign or authorize the signing of the note, any judgment against him would be in excess of the amount due. As we see it, there is no sound reason to limit this paragraph 9 to reduction of notes by way of payment. As a statutory ground for suspending it is probable that no other subdivision of the section would be applicable. However, beyond the provisions of the Code, we think the defendant in error, W. H. Weaver has the inherent right to attack this judgment under any of the remedies known to the law. If he did not sign the note no authority was given the attorney to appear and confess judgment. Under such a state of facts, the court would have no jurisdiction and the judgment would be void. To hold otherwise would be denying the due process of law and provisions of the Ohio Constitution. This provision of the constitution is self enacting and guarantees to every man his day in court. Such a judgment could be attacked directly or collaterally. This constitutional right may be invoked under any of the orderly processes prescribed by law. If the defendant elected to follow this procedure, the plaintiff in error can not be heard to complain. If

we follow the contention of counsel for plaintiff in error, no provision of §11631 GC meets a situation as in the instnat case and further that this remedy is exclusive; at least exclusive by reason of having invoked the statute. We think there is an abundant authority that the statutory provisions are not exclusive; that there is a right in equity for suspension of judgment.

Counsel for plaintiff in error further contend that the ground for suspension of judgment after term must be established before any evidence of the existence of a defense is admissible. The answer to this is that it sometimes happens and did in this case that the evidence of the ground for vacation is identical with that establishing the defense. Judge Jones called attention to this situation in the case of **Bulkley v Greene, 98 Oh St, 55, at page 59.**

"It may occur that one of the defenses presented is of such a character that its adjudication may determine the ground for vacation of the cognovit judgment. A defense alleging partial or full payment of the note, or the taking of judgment for illegal interest, would necessarily involve the preliminary ground for its vacation, since such defense affects the amount due on the note."

"If the court decides the preliminary issue in favor of the defendant sustaining his ground for vacation and the validity in law of the alleged defense, the cause then is heard on its merits on the petition, answer, reply, and the evidence, as in other cases, as if no judgment had ever been rendered." 23 Ohio Jurisprudence (Judgments, §1184) page 1253.

At this stage of the proceedings the order of the court is to suspend judgment and after the case is tried to a jury, if it is a jury case, the further order of the court follows the verdict. If the verdict is for the defendant then the court makes an order vacating.

We have carefully examined the evidence as contained in the record and we think the court was warranted under the facts in making the order suspending judgment, etc.

We find no error in the proceedings. The judgment of the court below will be affirmed and remanded for further proceedings. Costs will be adjudged against plaintiff in error.

Exceptions will be allowed to the plaintiff in error. Entry may be drawn accordingly.

HORNBECK, PJ, and KUNKLE, J, concur.