PUBLIC FINANCE CORP. OF TOLEDO *v.* CHAPPELL ET AL.

(No. 15396—Decided August 8, 1967.)

Common Pleas Court of Fulton County.

*Messrs. Topper, Jaffee & Jacobs, Mr. C. G. Jaffee, Messrs. Williamson, Hoeffel & Funkhouser* and *Mr. Tom Short,* for plaintiff.
*Messrs. Meekison & Donovan* and *Mr. James Donovan,* for defendant Raymond J. Chappell.

HAM, J. On May 4, 1967, at the April Term, judgment was rendered on a cognovit note containing a warrant to confess judgment, against Raymond J. Chappell and Connie D. Chappell. On May 8, 1967, pursuant to the plaintiff's praecipe, a certificate of said judgment was issued, filed, docketed and indexed in the Judgment Docket of this county. On May 29, 1967, pursuant to plaintiff's praecipe, a Certificate of Judgment was issued for filing in Henry County, Ohio. Throughout these proceedings, the parties defendant are named in the caption as Raymond J. Chappell and Connie D. Chappell, 207 E. Mechanic, Archbold, Ohio. Archbold is in Fulton County, Ohio.

On July 14, 1967, and within the April Term, a motion was filed by Raymond J. Chappell, alleging that he

had no notice or knowledge of the foregoing proceedings until he was served with proceedings in aid of execution issued out of the Napoleon Municipal Court (Henry County), Ohio, on the Fulton County judgment; that at the date of rendition of said judgment he was not a resident of Fulton County, Ohio; that the note was not executed in Fulton County, Ohio; that he is not the same Raymond J. Chappell who signed the note; that no consideration passed to him by virtue of the execution of said note; that judgment was rendered against the wrong Raymond J. Chappell; and that the movant is not indebted to the plaintiff.

Movant asks this court to suspend the judgment, set aside the certificate of judgment filed in Henry County, allow the movant to file an answer setting up the defenses alleged in his motion, and assign the matter for trial.

The movant was accorded a hearing on his motion, at which he and the plaintiff were both present and with counsel, evidence was adduced in support of the motion, and the matter was submitted on the evidence and written arguments of counsel.

Both the movant and his wife, Lillian, testified substantially in accordance with the recitals of the motion, and further, that for two and one-half months prior to March of 1967, they resided at 207 E. Mechanic Street in the Village of Archbold; that they moved to Grand Rapids (Wood County), Ohio, in or about March or April of 1967; that the movant is employed by Campbell Soup Company in Napoleon; that proceedings are under way to attach the wages of his employment, by the process of the Napoleon Municipal Court; and that the foregoing defenses were presented in said Municipal Court, but to no avail, the municipal judge apparently being of the opinion that the judgment could not be collaterally impeached.

A court of general jurisdiction has inherent power to control its own orders and judgments during the term at which they are rendered and, in the exercise of sound discretion, may vacate or modify them. *First National Bank* v. *Smith,* 102 Ohio St. 120; *Farley* v. *Pickett,* 177

Ohio St. 133. This court has jurisdiction to entertain the motion and power to grant relief if the movant demonstrates his entitlement thereto.

The movant says "that he is not the same Raymond J. Chappell who signed said note." Inferentially, the note was signed by another Raymond J. Chappell. In such event, it would seem that the judgment was not taken against the movant and that he would, therefore, have no standing in court to seek a vacation or modification of a judgment against someone else.

Evidence in support of the motion, however, tends to establish that the judgment was rendered against a Raymond J. Chappell who resided at 207 E. Mechanic Street, Archbold, Ohio; that movant at one time did reside at that address; that proceedings were commenced to garnishee the wages due Raymond J. Chappell from the Campbell Soup Company, at Napoleon, Ohio; that movant was employed by said Campbell Soup Company; and that no Raymond J. Chappell other than the movant was so employed.

Inasmuch as no evidence was adduced by plaintiff contra movant's evidence, the court considers movant's evidence as credible and takes the same as true for the purpose of this motion, and only for such purpose.

It thus becomes apparent that when the petition was filed, plaintiff had in mind, as the defendant, this movant and not some other Raymond J. Chappell, and that, at least as recently as the garnishment proceedings, plaintiff had not changed its attitude in this regard. Under such an interpretation of the evidence, the motion falls within the scope of the law as defined in *Weaver* v. *Weaver*. 15 Ohio Law Abs. 374, in which the Court of Appeals for Montgomery County held that one against whom a judgment has been rendered on a warrant of attorney contained in a note which he did not sign and which he did not authorize any other person to sign for him has the inherent right to attack the judgment under any of the remedies known to the law, either directly or collaterally.

In upholding the petitioner's right to have the judgment against him suspended, Judge Barnes said (pg. 375): "If he did not sign the note no authority was given the at-

torney to appear and confess judgment. Under such a state of facts, the court would have no jurisdiction and the judgment would be void." Cf. *Commercial Credit Corp.* v. *Wasson*, 76 Ohio App. 181.

That a judgment was taken against the wrong defendant is sufficient ground to vacate or suspend the judgment and permit such defendant to appear and present his defense. It is of no moment that the ground for vacation or suspension may be identical with the defense subsequently presented, and that the same evidence may be adduced to support both. As stated in *Bulkley* v. *Green*, 98 Ohio St. 55, at 59:

"It may occur that one of the defenses presented is of such a character that its adjudication may determine the ground for vacation of the cognovit judgment. A defense alleging partial or full payment of the note, or the taking of judgment for illegal interest, would necessarily involve the preliminary ground for its vacation, since such defense affects the amount due on the note."

"If the court decides the preliminary issue in favor of the defendant sustaining his ground for vacation and the validity in law of the alleged defense, the cause then is heard on its merits on the petition, answer, reply, and the evidence, as in other cases, as if no judgment had ever been rendered." *Weaver* v. *Weaver, supra.*

The movant has established grounds for vacation or modification of the former order. Whether he can ultimately establish his defense to the plaintiff's petition this court does not decide, but only that said defense would, if true, have constituted an effective defense in the original proceeding. *Livingstone* v. *Rebman*, 169 Ohio St. 109.

In order that the plaintiff may not lose any liens or priorities obtained under the judgment, it is ordered that said judgment be suspended, rather than vacated, pending trial of the issues, Section 2325.07, Revised Code, the movant allowed to file his answer instanter, and the cause be set down for jury trial.

Counsel will journalize according to rule, saving exceptions.