{¶ 22} I respectfully disagree with the opinion of the majority. The decision whether to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) is a matter within the sound discretion of the trial court, and the court's ruling will not be reversed absent an abuse of discretion. Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 23} By executing a cognovit provision in a note and allowing a confession of judgment, the maker of the note waives his or her rights to notice and a prejudgment hearing. D.H.Overmyer Co., Inc. of Ohio v. Frick Co. (1972), 405 U.S. 174,176-177, 92 S.Ct. 775, 777-778; Medina Supply Co., Inc. v.Corrado (1996), 116 Ohio App.3d 847, 850. Consequently, collateral attacks on cognovit judgments are liberally permitted, and the burden on the party moving for relief is "somewhat lessened." Society Natl. Bank, supra, at 418; Meyers v.McGuire (1992), 80 Ohio App.3d 644; Madison Designs, Inc. v.Fifth Third Bank (May 1, 1998), Hamilton App. No. C-970181, unreported.
 {¶ 24} In order to obtain relief from a final judgment, a party must show that it is entitled to relief under one of the grounds contained in Civ.R. 60(B)(1) through (5) and that the motion for relief from judgment was made within a reasonable time. GTE Automatic Electric v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of syllabus.
 {¶ 25} Where the judgment from which relief is sought was entered by cognovit note without prior notice, the existence of a meritorious defense to all or part of the claim is often sufficient to justify relief from judgment, provided the motion is timely. Fifth Third Bank v. Margolis (Oct. 30, 1997), Franklin App. No. 97APE04-468; Benford v. Innovisions, Inc.
(Apr. 7, 1994), Franklin App. No. 93APE12-1651. Nonetheless, in a motion to vacate a cognovit judgment, the party who seeks relief must ordinarily still satisfy the requirements set forth inGTE, including the existence of a meritorious defense. BankOne, N.A. v. DeVillers (Sept. 26, 2002), Franklin App. No. 01AP-1258, 2002-Ohio-5079.
 {¶ 26} To make a successful motion for relief from a judgment obtained by cognovit note, a movant typically must establish the following: (1) he has a meritorious defense to present; (2) he is entitled to relief from judgment under the civil rules; and (3) the motion is timely. Rules Civ.Proc., Rule 60(B).
 {¶ 27} Appellant needs to allege operative facts with enough specificity to allow the trial court to decide whether a meritorious defense exists. Syphard v. Vrable (2001),141 Ohio App.3d 460; Kay v. Marc Glassman Inc. (1996), 76 Ohio St.3d 18
(evidence supporting motion is not necessary); Rose Chevrolet,36 Ohio St.3d 17 (alleging a meritorious defense in the answer is sufficient).
 {¶ 28} For purposes of a successful motion for relief from a judgment obtained by cognovit note, where relief is pursued in a timely manner and in light of a proper allegation of a meritorious defense, any doubt should be resolved in favor of setting aside the judgment so that the case may be decided on the merits. Rules Civ. Proc., Rule 60(B).
 {¶ 29} As an initial matter, I find that Appellants' Motion for Relief was timely filed. The motions in the case herein were timely filed because Appellants apparently were not aware of the cognovit judgment until late November 18, 2002, when Dr. Smith was served a copy of the Complaint. Counsel for Appellant filed the Motion for Relief within two months from such date.
 {¶ 30} Accordingly, I would then determine if Appellant met its burden to establish a meritorious defense. The movant's burden is only to allege a meritorious defense, not to prove that the movant will prevail on that defense. Rose Chevrolet, supra,
at 20. Though the movant need not present evidence to support the defense, he or she must specifically allege operative facts that would warrant the relief requested. Id. at 20; Society Natl.Bank, supra, at 418; Your Financial Comm. of Ohio, Inc. v.Emerick (Oct. 21, 1997), Franklin App. No. 97APE04-501, unreported.
 {¶ 31} In the case sub judice, Appellant argued that breach of the underlying Consulting Agreement and attendant failure of consideration of the Promissory Note as meritorious defenses and attached an Affidavit by Dr. Gary Smith in support of same.
 {¶ 32} "In a suit between parties on a cognovit note, either a want of, or a failure of, consideration is a good defense, if properly pleaded." Fielder v. Bigelow (1926), 25 Ohio App. 456, paragraph two of the syllabus. Accordingly, failure of consideration may be a valid basis for relief from a cognovit note judgment if all three of the Civ. R. 60(B) criteria are otherwise satisfied.
 {¶ 33} Payment is also a meritorious defense to a claim on a cognovit note. See Cautela Bros. v. McFadden (1972),32 Ohio App.2d 329, 332. The existence of a meritorious defense as to part of a claim on a cognovit note is sufficient. See Matson v.Marks (1972), 32 Ohio App.2d 319, 323 (referring to a valid defense to all or part of the claim); Ensley v. AlexanderLeasing Corp. (Dec. 14, 1982), Stark App. No. CA-5934, unreported. Therefore, partial payment is a meritorious defense. See Lewandowski v. Donohue Intelligraphics, Inc. (1994),93 Ohio App.3d 430, 433.
 {¶ 34} As Appellants' burden is only to allege a meritorious defense, not to prove that they will prevail on that defense,Rose Chevrolet, supra, I would find that Appellants met such initial burden by putting forth the necessary operative facts in the Affidavit attached to its Motion for Relief.
 {¶ 35} Accordingly, I would sustain Appellant's sole Assignment of Error, vacate the ruling of the trial court and remand for further proceedings.