FIRSTMERIT BANK, N.A., Appellee,

v.

RELIABLE AUTO BODY CO., INC., Appellant.

[Cite as *FirstMerit Bank, N.A. v. Reliable Auto Body Co.,* 169 Ohio App.3d 50, 2006-Ohio-5056.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 05CA008847.

Decided Sept. 29, 2006.

Gino Pulito and Jennifer Dorsey, for appellant.

Jeffrey H. Weir II and Joshua E. Lamb, for appellee.

SLABY, Presiding Judge.

{¶ 1} Defendant, Reliable Auto Body Co., Inc., appeals from a judgment rendered in favor of plaintiff, FirstMerit Bank, N.A., in the Lorain County Court of Common Pleas. This court reverses and remands.

{¶ 2} Appellee, FirstMerit Bank, N.A., filed a complaint for cognovit judgment against appellant, Reliable Auto Body Co., Inc. on April 29, 2002, which Reliable answered on the same day. On May 17, 2002, judgment by confession was granted in favor of FirstMerit in the amount of $40,345.34, plus interest. On June 5, 2002, Reliable filed a motion for relief from judgment pursuant to Rule 60(B). Attached to the motion for relief was the affidavit of Steve Stanchak Sr., the president of Reliable and the listed signatory on the loan documents ("Stanchak Sr."). Stanchak Sr. asserted that he did not sign or authorize anyone to sign the note in question. Stanchak Sr. further stated that Reliable did not receive the benefit of the loan from FirstMerit for which the loan documents were issued.

{¶ 3} On July 19, 2002, FirstMerit replied to Reliable's motion for relief, attaching the affidavit of Carol Shaffer, the FirstMerit bank officer who had handled the loan at issue. Shaffer stated that she had spoken to Stanchak Sr., who indicated that he was aware of the loan request of his son, Steve Stanchak Jr. ("Stanchak Jr."), and that the loan proceeds were to be used to purchase equipment for Reliable. Stanchak Sr. indicated that he would sign a corporate resolution authorizing the loan. That corporate resolution was delivered to FirstMerit, purportedly signed by Stanchak Sr. According to Shaffer, Stanchak Sr. also told Shaffer that he had signed the promissory note and was aware of the use of the loan proceeds by Reliable. The court set the matter for hearing on October 14, 2003.

{¶ 4} After a lengthy discovery period and several continued hearing dates, Reliable filed a supplemental brief in support of the motion for relief on April 21, 2005. Attached to the supplemental brief was correspondence dated April 19, 2005, from Mary W. Kelly, a forensic document examiner, opining that Stanchak Sr. did not sign the note in question.

{¶ 5} On August 30, 2005, FirstMerit requested the court to set a firm date for a hearing on the motion for relief. Nonetheless, on November 8, 2005, the trial court denied Reliable's motion for relief without a hearing.

## ASSIGNMENT OF ERROR I

The trial court erred when it denied appellant's motion for relief from judgment without holding a hearing, where appellant sought relief from a cognovit judgment entered upon warrant of attorney and appellant's motion asserted valid defenses, adequately supported by evidence; to wit: Reliable Auto Body Co., Inc. was not the borrower; no authorization was given by Reliable Auto Body Co., Inc. to Steve Stanchak, Jr. to borrow money or execute a promissory note; the signature of Steve Stanchak Sr., Treasurer and President of Reliable Auto Body Co., Inc. was a forgery; and Reliable Auto Body Co., Inc. did not receive the benefit of the loan which is the subject of the litigation.

{¶ 6} In its first assignment of error, Reliable contends that the trial court erred in failing to conduct an evidentiary hearing before ruling on its motion for relief. This court agrees.

{¶ 7} This court reviews a trial court's denial of a motion to vacate for an abuse of discretion. *Turowski v. Apple Vacations, Inc.*, 9th Dist. No. 21074, 2002-Ohio-6988, 2002 WL 31828432, at ¶ 6. Abuse of discretion requires more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable

conduct by the court. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 8} To prevail on a Civ.R. 60(B) motion, a party must meet three requirements:

{¶ 9} "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus. All three requirements must be met for the motion to be granted. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564.

■■■■ {¶ 10} A party moving for relief from judgment under Civ.R. 60(B) is not automatically entitled to an evidentiary hearing. See *Gaines & Stern Co., L.P.A. v. Schwarzwald, Robiner, Wolf & Rock Co., L.P.A.* (1990), 70 Ohio App.3d 643, 646, 591 N.E.2d 866. If, however, the material submitted by the movant contains allegations of operative facts demonstrating that relief is warranted, the trial court should grant the movant a hearing to take evidence and either verify or discredit the asserted facts. Id.

■■■ {¶ 11} A "trial court abuses its discretion in denying a hearing where grounds for relief from judgment are sufficiently alleged and are supported with evidence which would warrant relief from judgment." *Kay v. Marc Glassman, Inc.* (1996), 76 Ohio St.3d 18, 19, 665 N.E.2d 1102. Thus, " '[i]f the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion.' " *Coulson v. Coulson* (1983), 5 Ohio St.3d 12, 16, 5 OBR 73, 448 N.E.2d 809, quoting *Adomeit v. Baltimore* (1974), 39 Ohio App.2d 97, 105, 68 O.O.2d 251, 316 N.E.2d 469.

{¶ 12} In the instant case, FirstMerit avers that Reliable failed to present sufficient operative facts that would warrant relief from judgment, because Reliable did not provide the trial court with anything other than general assertions regarding its defense of forgery. This court finds that FirstMerit's argument lacks merit.

{¶ 13} In support of its motion to vacate, filed timely, two weeks after the trial court granted judgment to FirstMerit, Reliable provided the trial court with the affidavit of Stanchak Sr., the person who allegedly signed the note in question. Stanchak Sr.'s affidavit states that the note was forged and that he did not

authorize Stanchak Jr. to sign the note. Reliable later provided the opinion of a forensic document examiner that Stanchak Sr. did not sign the note.

{¶ 14} "[F]orgery is a proper defense for purposes of Civ.R. 60(B) on a cognovit judgment." *Wells Fargo Financial Leasing, Inc. v. Gilliland,* 4th Dist. No. 03CA2916, 2004-Ohio-1755, 2004 WL 734558, at ¶ 14, citing *Leghissa v. Cirino* (March 10, 1988), 8th Dist. No. 54063, 1988 WL 30544. Reliable provided the trial court with evidentiary materials that indicated that the note in question was forged. FirstMerit has submitted evidence contradicting Reliable's materials. Regardless, the motion for relief provided operative facts to warrant relief under Civ.R. 60(B). *Kay,* 76 Ohio St.3d at 19, 665 N.E.2d 1102. Therefore, the trial court abused its discretion in failing to conduct an evidentiary hearing on Reliable's motion for relief. *Coulson,* 5 Ohio St.3d at 16, 5 OBR 73, 448 N.E.2d 809. Accordingly, Reliable's first assignment of error is sustained, and this matter is remanded to the trial court to hold a hearing on the motion for relief.

## ASSIGNMENT OF ERROR II

The trial court erred and abused its discretion when it denied appellant's motion for relief from a cognovit judgment, where the evidence presented by appellant raised the specific defense of forgery, and the defense was supported by the report of an expert forensic document examiner.

{¶ 15} Given this court's resolution of Reliable's first assignment of error, Reliable's second assignment of error is moot, and this court declines to address it. See App.R. 12(A)(1)(c).

{¶ 16} Reliable's first assignment of error is sustained, and Reliable's second assignment of error is moot. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for proceedings consistent with this opinion.

> Judgment reversed
> and cause remanded.

CARR and MOORE, JJ., concur.