**FIFTH THIRD BANK, Appellee,**

v.

**SCHOESSLER'S SUPPLY ROOM, L.L.C., Appellant.**

[Cite as *Fifth Third Bank v. Schoessler's Supply Room, L.L.C.*, 190 Ohio App.3d 1, 2010-Ohio-4074.]

Court of Appeals of Ohio,
Twelfth District, Warren County.

No. CA2009–11–153.

Decided Aug. 30, 2010.

2

Statman, Harris & Eyrich, L.L.C., Patricia L. Hill, and Hannah W. Hutman, for appellee.

Katz, Greenberger & Norton, L.L.P., and Scott H. Kravetz, for appellant.

POWELL, Judge.

{¶ 1} Defendant-appellant, Schoessler's Supply Room, L.L.C. ("SSR"), appeals the Warren County Court of Common Pleas decision denying SSR relief from both a cognovit judgment and a default judgment in favor of plaintiff-appellee, Fifth Third Bank.

{¶ 2} On January 13, 2006, SSR executed two Small Business Administration notes and a security agreement in favor of Fifth Third. The first note (Note 42) represented a $125,000 revolving line of credit. Note 42 was due and payable on January 13, 2007, although it contained a discretional annual renewal provision. The second note (Note 26) was a $33,000 term note due and payable after five years, with monthly principal and interest payments. Both included acceleration provisions should SSR default on either note, and both contained provisions with a warrant of attorney authorizing a cognovit judgment. In addition, Charles Joseph Ducastel Jr., owner and managing member of SSR, executed two unconditional guarantees in favor of Fifth Third, personally obligating himself on the payment of Notes 42 and 26.

{¶ 3} On July 21, 2009, Fifth Third filed its complaint against SSR upon the cognovit notes and security agreements. Also, pursuant to the warrant-of-attorney provision in Notes 42 and 26, Robert D. Ross, counsel for Fifth Third, entered an appearance on behalf of SSR and confessed judgment on the notes. The trial court entered judgment in favor of Fifth Third on Notes 42 and 26. Copies of all the filings were sent to SSR and to its registered agent via certified mail, return receipt requested.

{¶ 4} Proceeding pro se, Ducastel unsuccessfully sought to set aside the judgment arguing that he had not consented to representation by Ross in the instant matter. The trial court denied Ducastel's request and subsequently granted Fifth Third's motion for a default judgment on the remaining counts in the complaint, giving Fifth Third possession of SSR's collateral and granting the bank's request for attorney fees.

{¶ 5} On September 14, 2009, SSR moved for relief from both the cognovit and default judgments under Civ.R. 60(B), supported by an affidavit from Ducastel. SSR argued that it was entitled to, among other things, relief pursuant to the Servicemember's Civil Relief Act ("SCRA") codified at Section 501 et seq., Title 50 Appendix, U.S.Code; failure of service of process; fraud; mistake; and failure to join a necessary party. The trial court overruled SSR's motion, finding only that it was "not well taken," with no further reasoning to support its decision. SSR filed an appeal raising two assignments of error.

{¶ 6} Assignment of Error No. 1:

{¶ 7} "The trial court erred in issuing its entry overruling the motion to vacate."

{¶ 8} In its first assignment of error, SSR argues that the trial court abused its discretion in failing to grant its Civ.R. 60(B) motion for relief from both the cognovit and default judgments. We agree.

{¶ 9} Ordinarily to prevail upon a motion for relief from judgment pursuant to Civ.R. 60(B), a movant must demonstrate "(1) the existence of a meritorious defense or claim, (2) entitlement to relief under one of the grounds set forth in the rule, and (3) that the motion is made within a reasonable time."[1] *Svoboda v. Brunswick* (1983), 6 Ohio St.3d 348, 351, 6 OBR 403, 453 N.E.2d 648, citing *GTE Automatic Elec. v. ARC Industries* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus. The purpose of Civ.R. 60(B) is to "permit[ ] relief in the interests of justice," and therefore "doubt should be resolved in favor of the movant." *Svoboda* at 351, 6 OBR 403, 453 N.E.2d 648.

{¶ 10} A reviewing court analyzes a trial court's decision to deny a motion for relief from judgment under an abuse-of-discretion standard. *GTE*, 47 Ohio St.2d at 148, 1 O.O.3d 86, 351 N.E.2d 113. However, a reviewing court must also be mindful that "[w]here timely relief is sought from a * * * judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." Id. at paragraph three of the syllabus.

---

1. This standard applies to SSR's motion for relief from the default judgment.

 {¶ 11} "Where the judgment sought to be vacated is a cognovit judgment, the test which must be satisfied before a movant is entitled to relief under Civ.R. 60(B) is modified." *Producers Credit Corp. v. Voge,* Preble App. No. CA2002–06–009, 2003-Ohio-1067, 2003 WL 929257, ¶ 30. See also *Natl. City Bank v. Rini,* 162 Ohio App.3d 662, 2005-Ohio-4041, 834 N.E.2d 836, ¶ 18. Since the judgment debtor lacks both notice and the opportunity to answer the complaint before a trial court enters judgment on the cognovit note, the movant need only demonstrate that a meritorious defense or claim exists and the motion is timely made. *Producers Credit Corp.* at ¶ 30; *Natl. City Bank* at ¶ 18. A movant is therefore not required to show that it is entitled to relief pursuant to one of the specific grounds listed in Civ.R. 60(B). *Producers Credit Corp.* at ¶ 30; *Natl. City Bank* at ¶ 18.

{¶ 12} The motion for relief from judgment was filed September 14, 2009, which was nine days after the trial court entered a default judgment against SSR and 54 days after the cognovit judgment was entered against SSR. We find that the motion was filed within a reasonable time as prescribed by Civ.R. 60(B), and further note that Fifth Third concedes that SSR timely filed its motion.

 {¶ 13} In order to establish a meritorious defense, a moving party "must present operative facts that demonstrate the existence of a meritorious defense or claim." *Natl. City Bank* at ¶ 20. "[T]he movant is *not* required to prove that [it] will ultimately prevail if relief is granted. Rather, the burden on the moving party is only to *allege* operative facts which would constitute a meritorious defense [or claim] if found to be true."[2] (Emphasis sic.) *Fouts v. Weiss–Carson* (1991), 77 Ohio App.3d 563, 565, 602 N.E.2d 1231, citing *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 247, 18 O.O.3d 442, 416 N.E.2d 605, fn. 3; and *Moore v. Emmanuel Family Training Ctr.* (1985), 18 Ohio St.3d 64, 67, 18 OBR 96, 479 N.E.2d 879. See also *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564. Therefore, a trial court should grant relief from a cognovit judgment where facts asserted by the moving party, if found to be true, would present a meritorious defense. See *Baker Motors, Inc. v. Baker Motors Towing, Inc.,* 183 Ohio App.3d 223, 2009-Ohio-3294, 916 N.E.2d 853, ¶ 16. In addition, Ohio courts have recognized many different defenses or claims in order to justify relief from a cognovit judgment. See *Fiedler v. Bigelow* (1926), 25 Ohio App. 456, 458, 159 N.E. 131 (want of consideration); *Natl. City Bank* at ¶ 27 (waiver by estoppel); *Davidson v. Hayes* (1990), 69 Ohio App.3d 28, 31–32, 590 N.E.2d 18 (fraud in the inducement); *Your Fin. Community of Ohio, Inc. v.*

---

2. "The allegation of operative facts required must be of such evidentiary quality as affidavits, depositions, answers to interrogatories, written admissions, or other sworn testimony." *Producers Credit Corp.* at ¶ 31, citing *State v. Jones* (Oct. 29, 1999), Auglaize App. Nos. 2–99–20 and 2–99–21, 1999 WL 979458, *3.

*Emerick* (1997), 123 Ohio App.3d 601, 605, 704 N.E.2d 1265 (incorrect amounts due, oral modification of the contract, and payment or partial payment); *First-Merit Bank, N.A. v. Reliable Auto Body Co.*, 169 Ohio App.3d 50, 2006-Ohio-5056, 861 N.E.2d 887, ¶ 14 (forgery); *First Natl. Bank of Pandora v. Freed,* Hancock App. No. 5–03–36, 2004-Ohio-3554, 2004 WL 1489074, ¶ 9 ("improper conduct in obtaining the debtor's signature on the note; deviation from proper procedures in confessing judgment on the note; and miscalculation of the amount remaining due on the note at the time of confession of judgment"); *BancOhio Natl. Bank v. Schiesswohl* (1988), 51 Ohio App.3d 130, 131–132, 554 N.E.2d 1362 (satisfaction of judgment or commercially unreasonable disposition of collateral); *Pub. Fin. Corp. of Toledo v. Chappell* (C.P.1967), 16 Ohio Misc. 116, 119, 45 O.O.2d 83, 241 N.E.2d 181 (judgment taken against the wrong defendant); *Bank One, NA v. SKRL Tool & Die, Inc.*, Lake App. No. 2003–L–048, 2004-Ohio-2602, 2004 WL 1144487, ¶ 23 (equitable estoppel); *Cadillac Music Corp. v. Kristosik,* Cuyahoga App. Nos. 92677 and 92678, 2009-Ohio-5830, 2009 WL 3649168, ¶ 16, 17 (novation or implied novation).

{¶ 14} SSR asserts several different defenses to support its argument that the trial court abused its discretion in denying its motion for relief from judgment. These defenses include fraud on the court, failure to mitigate damages, waiver by estoppel, material breach of an implied obligation of good faith, lack of consideration, conditions, mistake/reformation, improper damages claimed, setoff, failure to join a necessary party, lack of jurisdiction, unclean hands and service of process. Although SSR argues that these defenses are meritorious, we find SSR has failed to offer operative facts in support of these assertions. Therefore, the trial court did not abuse its discretion in denying relief from judgment based on any of these defenses. However, SSR also maintains that it is also entitled to relief from judgment based on the defense of fraudulent inducement and upon the provisions of the SCRA.

{¶ 15} SSR attached Ducastel's affidavit to its motion for relief from judgment. In the affidavit, Ducastel alleged that a Fifth Third representative made certain promises to him regarding rolling over the line of credit into a term note if SSR was unable to pay the note within one year. Ducastel further stated that he would not have obligated either himself or SSR without these representations. SSR argues that these assurances fraudulently induced Ducastel to sign the loan documents. Because SSR has alleged operative facts which, if found to be true, would constitute the defense of fraudulent inducement, we find the trial court erred in failing to grant SSR's motion for relief from the cognovit judgment. Whether SSR prevails on this defense, is not a matter we need decide. See *O'Hearn v. Riegert* (Nov. 24, 1986), Butler App. No. CA86–01–005, 1986 WL 13275.

{¶ 16} SSR also attached active duty mobilization orders for Ducastel, who is a major in the Ohio National Guard, to its motion. Because of Ducastel's mobilization, SSR argues that it should be afforded protection under the SCRA, since its 85 percent owner, company manager, and guarantor on the loan is Ducastel. See *Cathey v. First Republic Bank* (W.D.La.2001), Civil Action No. 00–2001–M, 2001 WL 36260354; and *Linscott v. Vector Aerospace* (D.Or.2006), Civil Action No. CV05–682–HU, 2006 WL 1310511. Fifth Third maintains that because SSR is not a "person" or a "servicemember" within the meaning of the SCRA, it cannot be afforded protection under the SCRA. In addition, Fifth Third argues that *Cathey* and *Linscott* are distinguishable from the instant case.

{¶ 17} Although we acknowledge that the definitions and provisions of the SCRA seem to support Fifth Third's position, we must also acknowledge that courts must "liberally construe" the SCRA in its application. See *Boone v. Lightner* (1943), 319 U.S. 561, 575, 63 S.Ct. 1223, 87 L.Ed. 1587. This liberal construction is to "protect those who have been obliged to drop their own affairs to take up the burdens of the nation." Id. Moreover, care should be taken to not frustrate the SCRA's purpose, which "is to suspend enforcement of civil liabilities of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the Nation." *Engstrom v. First Natl. Bank of Eagle Lake* (C.A.5, 1995), 47 F.3d 1459, 1462.

{¶ 18} In both the *Cathey* and *Linscott* decisions, the courts found that the protections afforded by the SCRA were applicable to the servicemembers' companies. *Cathey* at ¶ 4–5; *Linscott* at *4.

{¶ 19} In *Cathey,* First Republic Bank provided financing to Stewart A. Cathey and Sons, Inc. ("SAC") to construct two Exxon stations. Id. at *1–2. Both loans were also guaranteed by Stewart A. Cathey and his spouse individually, and secured by a second mortgage on their home. Id. at *1. On May 17, 1996, Cathey, a United States Army reservist, was called to active duty. Id. at *2–3. Cathey sent First Republic a copy of his mobilization orders and requested the interest rate on the loans be reduced to 6 percent pursuant to the Soldier's and Sailor's Relief Act ("Relief Act").[3] Id. at *3. First Republic failed to lower the rates and refused to refund any of the interest charged above 6 percent while Cathey was on active duty. Id. First Republic then foreclosed on both loans and on the Cathey home. Id. The Catheys filed suit against First Republic arguing, among other things, that the bank had violated the Relief Act. Id. at *1–2. First

---

3. "The Act has existed in various forms and under different names since 1918 * * *." *Lowe v. United States* (2007), 79 Fed.Cl. 218, 224. The 2003 passage of Pub.L. No. 108–189, 117 Stat. 2835, amended and renamed the Soldier's and Sailor's Relief Act to the current version at issue in this appeal.

Republic argued that the Relief Act was not applicable as the loan was made to SAC, a corporation, rather than the individual servicemember. Id. at *3.

{¶ 20} The court observed that "[a]ny doubts that may arise as to the scope and application of the [Relief] Act should be resolved in favor of the military person." Id. at *4. In reaching its decision, the court found that each of the individual promissory notes was signed not only by SAC, but by the servicemember who expressly promised to pay the obligations. Id. The court then stated that "[t]his is not a case where loans were executed by a corporation which happened to be owned in part by a serviceman. Rather, this case involves loans incurred by a serviceman." Id. The court found the servicemember to be a real party in interest because he personally guaranteed the loans and because his labor and expertise was required to operate the business in order to remain profitable and meet its obligations. Id. The court also expressly rejected the notion that the business could run itself while the servicemember was away, because "the corporation is a family corporation which depends on its owners' presence for profitability." Id. at *5. The court then went on to analyze the plaintiffs' claims regarding violations of various portions of the Relief Act, having implicitly determined that it applied to the loans made to the servicemember's business. Id. at *5-7.

{¶ 21} In *Linscott*, a subsidiary of Vector Aerospace ("Acro") obtained a Canadian judgment pursuant to the Canadian Repairers Lien Act against Linscott's subchapter S corporation, JLA. 2006 WL 1310511, at *1-2. The judgment was for money due Acro for maintenance it completed in 2002 on one of JLA's helicopter turbines, plus 18 percent interest per annum and costs. Id. Acro subsequently filed notice of its intent to register the Canadian judgment in Oregon. Id. at *2. In response, JLA and Linscott moved for a preliminary injunction to enjoin Acro from enforcing the Canadian judgment. Id. at *3. In order to obtain the injunction, JLA and Linscott had to demonstrate (1) their probable success on the merits and the possibility of irreparable injury or (2) that serious questions had arisen and the balance of hardships weigh in their favor. Id. at *3. In support of showing that they would have a strong likelihood of success, Linscott and JLA argued that because Linscott was ordered to active duty in 2002 with the Oregon Air National Guard, the judgment's 18 percent interest rate violated the SCRA, because any interest incurred by a servicemember is limited to 6 percent per year. Id. at *2-3.

{¶ 22} Acro argued that the protections of the SCRA were inapplicable to JLA, as the company, rather than the servicemember, was the judgment debtor. Id. at *4. The *Linscott* court disagreed. Id. at *4. Relying on *Cathey*, the *Linscott* court said that the SCRA's protections "extend[ed] to the servicemember's family corporation, especially when as in *Cathey* and as in this case, the

corporation's obligations were personally guaranteed by the servicemember and the corporation 'depend[ed] on its owners' presence for profitability.' " *Linscott* at *4, quoting *Cathey* at *5. In part for these reasons, the court granted the JLA and Linscott's motion for a preliminary injunction. *Linscott* at *4, 8.

{¶ 23} In this case, Ducastel executed two unconditional guarantees, which personally obligated himself on the payment of Notes 42 and 26. In addition, Ducastel stated in his affidavit that he was both an owner and managing member of SSR, and until his mobilization he "ran the business almost entirely [him]self." Keeping in mind that we must liberally construe the provisions of the SCRA, we find, under these limited circumstances, that because Ducastel, a servicemember, personally guaranteed both loans, and because it appears that his presence was necessary to run and maintain the business, the protections of the SCRA may extend to SSR. Accord *Cathey* at *4–5; *Linscott* at *4.

{¶ 24} However, the SCRA's protections extend only to relief from a default judgment; they do not extend to relief from a cognovit judgment. See *Lightner v. Boone* (1947), 228 N.C. 199, 200, 45 S.E.2d 261 (finding general relief is expressly limited to default judgments). The applicable subsection of the SCRA regarding relief from judgments states that it "applies to any civil action or proceeding * * * in which the defendant does not make an appearance." Section 521(a), Title 50 Appendix, U.S.Code. We believe that the intent of this provision is to protect servicemembers from having judgments obtained against them, because their military service prevents them from being available to appear in court. See *United States v. Kaufman* (C.A.2, 1971), 453 F.2d 306, 308–309 (stating the act's purpose is to "prevent default judgments from being entered against members of the armed services in circumstances where they might be unable to appear and defend themselves"). Thus, this section does not apply to cognovit judgments, because by their very nature, cognovit judgments do not require an appearance by the debtor, since the debtor has consented in advance to the holder obtaining judgment without notice or a hearing. See *D.H. Overmyer Co. v. Frick Co.* (1972), 405 U.S. 174, 176, 92 S.Ct. 775, 31 L.Ed.2d 124.

{¶ 25} Moreover, in order to vacate or set aside a judgment pursuant to Section 521(g)(1)(A), it must appear in part that "the servicemember was materially affected by reason of that military service in making a defense to the action." Section 521(g)(1)(A), Title 50 Appendix, U.S.Code. The requirements of this provision cannot apply to cognovit judgments, because military service does not prohibit a servicemember from making a defense to an action on a cognovit note, as the cognovit judgment dispenses with a trial of defenses any debtor might assert. See *Overmyer* at 176–177, 92 S.Ct. 775, 31 L.Ed.2d 124. Because the applicable provisions of the SCRA are there to protect servicemembers whose obligations prohibit them from making an appearance and defending actions, it is

clear that the protections are available only for default judgments and not cognovit judgments.

{¶ 26} Therefore, although the SCRA is not applicable to the cognovit judgment, it is applicable to the default judgment against SSR. Consequently, we find that the trial court abused its discretion in denying SSR's motion for relief from the default judgment because SSR has alleged operative facts that, if true, would constitute a meritorious defense, its motion was timely filed, and it has shown that it is entitled to relief via Civ.R. 60(B)(5). SSR's first assignment of error is sustained.

{¶ 27} Assignment of Error No. 2:

{¶ 28} "The trial court erred in issuing its entry overruling the motion to vacate because the Ohio cognovit judgment statute, R.C. 2323.13 is unconstitutional as applied."

{¶ 29} In its second assignment of error, SSR argues that the statute authorizing cognovit judgments is unconstitutional as applied, under both the United States and Ohio Constitutions. Based on our resolution of the first assignment of error, we have elected not to address SSR's second assignment of error.

{¶ 30} In conclusion, because any doubt should be resolved in favor of the movant and because SSR made a timely motion for relief from judgment that complied with Civ.R. 60(B) requirements, SSR was entitled to relief from judgment. Accordingly, we vacate the cognovit judgment and the default judgment entered against SSR, we grant SSR leave to file an answer, and we remand this cause for further proceedings not inconsistent with this opinion.

Judgment reversed
and cause remanded.

YOUNG, P.J., and HENDRICKSON, J., concur.