[Cite as *Whittle v. Davis*, 2014-Ohio-445.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


|                              |   |                          |
|------------------------------|---|--------------------------|
| ANTONIO WHITTLE, JR.,        | : |                          |
|    Plaintiff-Appellee, | : | CASE NO. CA2013-08-153 |
|                              | : | O P I N I O N          |
|   - vs -            |   | 2/10/2014                |
|                              | : |                          |
| DANIELLE DAVIS, et al.,      | : |                          |
|    Defendants-Appellants. | : |               |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2011-11-3900


Ronald L. Burdge, Elizabeth Ahern Wells, 2299 Miamisburg-Centerville Road, Dayton, Ohio 45459-3817, for plaintiff-appellee

Richard L. Hurchanik, 110 North Third Street, Hamilton, Ohio 45011, for defendants-appellants, Danielle Davis, Mohammed T. Al Barbarawi, Falcon Automobile Sales, Inc.


**HENDRICKSON, J.**

{¶ 1} Defendants-appellants, Falcon Automobile Sales, Inc., Falcon Auto Sales, Inc. (collectively, "Falcon Auto Sales"), Danielle Davis, and Mohammed T. Al Barbarawi, appeal a decision of the Butler County Court of Common Pleas denying their motion to vacate default judgment in favor of plaintiff-appellee, Antonio Whittle, Jr. For the reasons discussed below, we affirm the judgment of the trial court.

{¶ 2}   On November 3, 2011, appellee filed a complaint against appellants alleging several violations of the Ohio Consumer Sales Practices Act ("CSPA"), R.C. 1345.01 et seq., and violations of the Ohio Motor Vehicle Sales Rule, Ohio Adm.Code 109:4-3-16 et seq., arising out of appellee's purchase of a 2003 BMW 325 motor vehicle (the BMW) from Falcon Auto Sales.  In his complaint, appellee alleged he entered into a consumer transaction and financing agreement with Falcon Auto Sales for the purchase of the BMW based on several misrepresentations by Falcon Auto Sales regarding the financing of the BMW and the mechanical condition of the vehicle.

{¶ 3}   Appellee alleged he was told by Falcon Auto Sales that financing for the transaction had been approved and he would be able to pay off the balance owed on the BMW over a period of time.  However, appellee later learned financing had never been approved for the transaction.

{¶ 4}   Appellee also alleged Falcon Auto Sales agreed to accept his 2005 Lexus IS300 motor vehicle (the Lexus) as a trade-in.  Appellee was given a trade-in allowance of $2,000 towards the purchase of the BMW and was told Falcon Auto Sales would pay off the $8,000 balance owed on his loan for the Lexus.

{¶ 5}   Appellee further stated Barbarawi had represented that the BMW was in good mechanical condition and free from malfunctions and defects when, in reality, the BMW was defective and unfit to drive.  According to appellee the BMW's brakes were "not effective in stopping the vehicle," one of the BMW's windows "fell off track," and noises "emanated from under the vehicle."

{¶ 6}   As a result of the BMW's defective conditions and the lack of financing, appellee alleged that he attempted to return the BMW to Falcon Auto Sales on August 4, 2011. Falcon Auto Sales accepted the return of the vehicle but refused to give appellee back his $2,000 trade-in value or return the Lexus, claiming the Lexus had already been sold.

Appellee alleged he later discovered the Lexus had not been sold until October 2011. Additionally, he learned and the Lexus was sold for $12,872, which was $2,872 more than what Flacon Auto Sales had paid him for the Lexus.

{¶ 7} Appellee's complaint further alleged that he was forced to go without a vehicle for almost five months and had to borrow his mother's vehicle when it was available. Appellant claimed he suffered "significant stress and frustration" as a result of worrying about how he would get to and from work and other engagements. Appellee sought both economic and non-economic damages as a result of appellants' actions.

{¶ 8} Appellants failed to timely respond to the complaint, and default judgment on the issue of liability only was rendered against Falcon Auto Sales on January 18, 2012 and against Davis and Barbarawi on August 2, 2012. Also on August 2, 2012, the trial court entered final judgment in favor of appellee and awarded damages to him in the amount of $20,999.60 plus court costs and interest. The damage award was based upon appellee's affidavit and the affidavit of appellee's attorney.

{¶ 9} Thereafter, on August 7, 2012, appellants filed a Civ.R. 60(B) motion to vacate the default judgment filed on January 18, 2012. In their motion, appellants argued they were entitled to relief from judgment because (1) appellee did not attach a copy of the sales contract to his complaint, (2) the court improperly entered a damages award without holding a damages hearing, (3) the court relied on an attorney's affidavit for fees which was improperly notarized by an attorney of record, and (4) appellants, "through inadvertence or excusable neglect, mistakenly thought the action was 'as in' small claims court when they would appear on a date certain to try the case." In support of their motion, appellants filed the affidavit of Davis, which stated:

> I am Danielle Davis. I thought that this matter would go to trial as
> we have before Judge Campbell. I thought we'd get a court date

to appear on. I did not realize we needed an attorney to file papers before a hearing would be held. This is true.

{¶ 10} Thereafter, on August 23, 2012, appellants filed an amended motion to vacate. The amended motion sought to "vacate [the court's] Granting Default Judgment filed on January 18, 2012, and the Final Appealable Order [entered on] August [2], 2012." In their amended motion, appellants sought to incorporate their August 7, 2012 motion, and argued they were entitled to relief from judgment because (1) no damages hearing was held by the trial court, (2) appellee had signed an "as is" sale contract and had indicated that no oral promises had been made to him when he purchased the BMW, (3) the court lacked jurisdiction over the case pursuant to an agreement to arbitrate entered into by appellee, and (4) appellants, through "mistake, inadvertence, or excusable neglect * * * assumed that the [complaint and summons] were from Judge Campbell's [Municipal] Court * * *. The [appellants] were wrong and failed to notice there is a difference between Small Claims Court and the Common Pleas Court." In support of their motion, appellants again attached Davis' affidavit and also attached the affidavit of Barbarawi, which stated:

> I am Bryan Barbarawi, aka Mohammed T. Al Barbarawi. I thought this matter would go to trial as we have before Judge Campbell. I thought we'd get a court date to appear on. I did not realize we needed an attorney to file papers before a hearing would be held. I did not mean to be disrespectful. This is true.

Also attached to the motion was a "Retail Purchase Agreement," which contained an "as-is" warranty statement, a "Buyer's Guide," a "Delivery Confirmation," a "We Owe" document, a "Waiver of [Warranty] Service Contract," and an "Agreement to Arbitrate." These documents were not attached to an affidavit and were not otherwise authenticated or certified.

{¶ 11} On August 30, 2012, before the trial court ruled on appellants' amended motion to vacate, appellants directly appealed the trial court's award of $20,999.60 in damages. *See Whittle v. Davis*, 12th District Butler No. CA2012-08-169, 2013-Ohio-1950. Thereafter, the

trial court issued an order stating that appellants' filing of the notice of appeal divested the court of jurisdiction to consider appellants' motion to vacate judgment.

{¶ 12} On May 13, 2013, this court reversed the damages award and remanded the matter so that the trial court could hold a damages hearing to determine the non-liquidated damages. *Id.* at ¶ 20. Four days later, on May 17, 2013, appellants filed a second amended motion to vacate, seeking to have the court "vacate its Entry Granting Default Judgment filed on January 18, 2012." In this motion, appellants sought to incorporate their August 7, 2012, and August 23, 2012 motions to vacate, "as if rewritten." Once again, appellants argued they were entitled to relief from judgment under Civ.R. 60(B) because, through "mistake, inadvertence or excusable neglect," they assumed the complaint and summons originated from the Fairfield Municipal Court and that a trial date would be set without them needing to take action. In support of their motion, they again attached the affidavits of Davis and Barbarawi.

{¶ 13} On June 3, 2013, the trial court denied appellants' motion to vacate default judgment. The trial court determined that appellants failed to set forth operative facts sufficient to establish a meritorious defense to appellee's claims. Thereafter, the trial court held a damages hearing and a hearing on the issue of attorney's fees. On July 24, 2013, the trial court entered final judgment against appellants in the amount of $20,547.91 plus court costs and interest.

{¶ 14} Appellants appeal the denial of their May 17, 2013 motion to vacate default judgment, raising two assignments of error. For ease of discussion, we will address both assignments of error together.

{¶ 15} Assignment of Error No. 1:

{¶ 16} THE TRIAL COURT IN ITS ENTRY FILED JUNE 3, 2013, ERRED BY FAILING TO GRANT [APPELLANTS'] MOTION TO VACATE AND BY FAILING TO NOTE THAT "THE

MOVANTS HAD DEMONSTRATED THAT THEY HAD A MERITORIOUS DEFENSE TO PRESENT IF RELIEF WAS GRANTED."

{¶ 17} Assignment of Error No 2:

{¶ 18} THE COURT ERRED WHEN IT FAILED TO NOTE [APPELLANTS] HAD SET FORTH WITH SUFFICIENT CLARITY AND PARTICULARITY THE FACTS WHICH THEY CLAIM ENTITLES THEM TO RELIEF FROM JUDGMENT TO INCLUDE MERITORIOUS DEFENSES SET FORTH WITH CLARITY AND WITH EXHIBITS.

{¶ 19} In both their first and second assignments of error, appellants argue the trial court erred in determining that they did not set forth sufficient operative facts demonstrating meritorious defenses to appellee's claims. Appellants argue their August 23, 2012 amended motion to vacate, which was incorporated into their May 17, 2013 motion to vacate, set forth such operative facts and, further, the exhibits attached to the August 23, 2012 motion demonstrated that their defenses have merit. Specifically, appellants assert the "as is" clause in the purchase agreement, the "Buyer's Guide," and the "Waiver of [Warranty] Service Contract" made it clear that the BMW was not under warranty. They further assert the "We Owe" document demonstrated that no oral or written promises were made beyond those set forth in the purchase agreement and the "Agreement to Arbitrate" removed plaintiff's complaint from the court's jurisdiction. Appellants contend the trial court is not precluded from relying on these exhibits even though the exhibits were not expressly mentioned or attached to the May 17, 2013 motion to vacate, as the exhibits were "incorporated" through the August 23, 2012 motion to vacate. Appellants also contend that the exhibits may be considered by the trial court even though the exhibits were not attached to or otherwise introduced by way of an affidavit.

{¶ 20} Appellee, on the other hand, maintains that the trial court properly denied the motion to vacate as appellants failed to demonstrate that they had a meritorious defense to

the action. Appellee argues that the exhibits attached to the August 23, 2012 motion to vacate were not properly before the trial court because (1) the exhibits were not attached to the May 17, 2013 motion, and (2) the exhibits were not attached to an affidavit or otherwise authenticated or certified. Appellee also argues that even if appellants demonstrated that they have a meritorious defense to the action, their motion to vacate must fail as appellants failed to prove that the motion was timely filed or that their failure to file an answer was the result of excusable neglect under Civ.R. 60(B)(1).[1]

{¶ 21} To prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must demonstrate that (1) it has a meritorious defense or claim to present if relief is granted, (2) it is entitled to relief under one of the five grounds set forth in in Civ.R. 60(B)(1) through (5), and (3) the motion is made within a reasonable time. *Aurora Loan Servs. v. Brown,* 12th Dist. Warren Nos. CA2010-01-010 and CA2010-05-041, 2010-Ohio-5426, ¶ 35, citing *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146, 150-151 (1976). A Civ.R. 60(B) motion must comply with the requirements for all motions as set forth in Civ.R. 7(B); that is, "the motion must be accompanied by a memorandum of facts and law, as well as evidentiary materials containing operative facts." *Producers Credit Corp. v. Voge*, 12th Dist. Preble No. CA2002-06-009, 2003-Ohio-1067, ¶ 31. "The allegation of operative facts required must be of such evidentiary quality as affidavits, depositions, answers to interrogatories, written admissions, or other sworn testimony." *Id. See also Cleveland Excavating, Inc. v. Elyria Sav. & Trust*, 8th Dist. Cuyahoga No. 77910, 2000 WL 1802942, *2 (Dec. 7, 2000) ("A Civ.R.

---

1. Appellee also contends that relief from default judgment could not be granted to Davis and Barbarawi as the March 17, 2013 motion to vacate only requested relief from trial court's January 18, 2012 entry granting default judgment against Flacon Auto Service. While appellants' March 17, 2013 motion certainly could have been written in a manner that more clearly expressed appellants' desires for relief from judgment from both the January 18, 2012 entry and the August 2, 2012 entry, it is clear that appellants' intention was to seek relief for all defendants. The trial court interpreted appellants' May 17, 2013 motion to vacate as such, and we will likewise treat appellants' May 17, 2013 motion as a request to vacate the default judgments entered against *all* defendants.

60(B) motion may not be granted, however, absent *admissible* evidence establishing a meritorious Civ.R. 60(B) motion").

{¶ 22} With respect to the first requirement of a 60(B) motion, "[i]n order to establish a meritorious defense, a moving party 'must present operative facts that demonstrate the existence of a meritorious defense or claim.'" *Fifth Third Bank v. Schoessler's Supply Room, L.L.C.*, 190 Ohio App.3d 1, 2010-Ohio-4074, ¶ 13 (12th Dist.), quoting *Natl. City Bank v. Rini*, 162 Ohio App.3d 662, 2005-Ohio-4041, ¶ 20 (11th Dist.). "If a party who seeks relief from judgment does not present operative facts or presents facts of limited or meager quality, then a trial court is justified in denying relief because that party has failed to meet its burden of asserting facts entitling the party to relief." *Bank of New York Mellon v. Stefanidis*, 10th Dist. Franklin No. 11AP-157, 2011-Ohio-6455, ¶ 12. *See also Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105 (8th Dist.1974) ("If the material submitted by the movant in support of its motion contains no operative facts or meager and limited facts and conclusions of law, it will not be an abuse of discretion for the trial court to refuse to grant a hearing and overrule the motion"). "Mere general allegations and mere conclusions of law are not sufficient to justify relief from judgment." *Tri-County Pavings, Inc. v. Everman*, 12th Fayette Dist. No. CA91-11-024, 1992 WL 126260, *1 (June 8, 1992).

{¶ 23} In the case sub judice, we find no error in the trial court's denial of appellants' motion for relief from judgment. Appellants' May 17, 2013 motion to vacate does not specifically set forth any operative facts demonstrating that appellants have a meritorious defense to the action. Rather, appellants' motion focuses on the second requirement of Civ.R. 60(B), that is their alleged entitlement to relief under 60(B)(1) as a result of their "inadvertent and excusable mistake" of believing the complaint and summons originated out of municipal court and not the common pleas court.

{¶ 24} Even considering the arguments set forth in appellants' prior motions to vacate

the August 2, 2012 and August 23, 2012 motions, we find that appellants failed to set forth sufficient operative facts demonstrating the existence of a meritorious defense or claim. In their August 23, 2012 motion, appellants claim appellee signed an agreement to arbitrate, which would remove the case from the court's jurisdiction. They further claim appellee signed an "as is" contract that did not contain any warranties. However, appellants did not provide evidentiary materials containing such operative facts. As we have previously stated, the "allegation of operative facts required must be of such evidentiary quality as affidavits, depositions, answers to interrogatories, written admissions, or other sworn testimony." *Voge*, 2003-Ohio-1067 at ¶ 31. Here, the exhibits attached to appellants' August 23, 2012 motion to vacate were not of such quality. The exhibits were not introduced through Davis' or Barbarawi's affidavits, and were not otherwise authenticated or certified by appellants. As such, the trial court was not required to consider the exhibits. *See* Evid.R. 104(A) (stating that admissibility of evidence "shall be determined by the court") and Evid.R. 901. *See also McGuinea v. Ganley Nissan, Inc.*, 8th Dist. Cuyahoga No. 86050, 2005-Ohio-6239 (finding that a trial court did not abuse its discretion in refusing to consider exhibits attached to a motion to compel arbitration when the exhibits were not introduced through an affidavit and were not otherwise authenticated). Without being able to consider the exhibits, the trial court was presented only with general allegations and conclusory statements of law. Neither of which are sufficient to justify relief from judgment. *See Everman* at *1.

{¶ 25} Given the forgoing, we find that the trial court did not abuse its discretion in denying appellants' motion to vacate on the basis that appellants failed to allege operative facts presenting a meritorious defense to appellee's claims.

{¶ 26} Moreover, even if appellants had sufficiently set forth operative facts demonstrating a meritorious defense to the action, the denial of their motion to vacate was proper as they failed to demonstrate that they were entitled to relief under one of the five

grounds set forth in Civ.R. 60(B)(1) through (5). Contrary to appellants' assertions, appellants' failure to file an answer after being served with the summons and complaint because they believed the matter would "go to trial" without them needing to "file papers" with the common pleas court does not constitute excusable neglect as contemplated by Civ.R. 60(B)(1). *See D.G.M., Inc. v. Cremeans Concrete & Supply Co., Inc.*, 111 Ohio App.3d 134, 139 (4th Dist. 1996) ("A failure to plead or respond after admittedly receiving a copy of a complaint is not 'excusable neglect.' * * * Likewise, the neglect of an individual to seek legal assistance after being served with court papers is not excusable").

{¶ 27} Accordingly, we overrule appellants' first and second assignments of error.

{¶ 28} Judgment affirmed.

RINGLAND, P.J., and M. POWELL, J., concur.