[Cite as *Staats v. Finkel*, 2011-Ohio-4063.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| RYAN T. STAATS | C.A. No. 25625 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JILL E. FINKEL | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 2010-03-0559 |

DECISION AND JOURNAL ENTRY

Dated: August 17, 2011

WHITMORE, Judge.

{¶1} Respondent-Appellant, Jill Finkel, appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, denying her motion to vacate the civil protection order sought by Petitioner-Appellee, Ryan Staats. This Court affirms.

I

{¶2} On March 1, 2010, Staats petitioned the court for a domestic violence civil protection order against his estranged girlfriend, Finkel, based on an incident that occurred in their Pennsylvania apartment in late February. According to Staats' petition, Finkel "threatened to shoot [and] kill [him,] *** [g]rabbed [a] kitchen knife [and] said she was going to stab [him,] *** and was commit[t]ed to [a] mental institution after a short police chase." The trial court granted the petition ex parte and scheduled the matter for a full hearing on March 8, 2010.

{¶3} Both Finkel and Staats attended the hearing, though Finkel appeared pro se, while Staats had counsel present. The matter was heard by a magistrate, but no testimony was taken

from either witness, as the parties reported to the court that they had entered into a consent agreement whereby Finkel agreed to avoid future contact with Staats or his family. Finkel acknowledged, on the record, that she had entered into to the foregoing consent agreement. The magistrate subsequently issued a "Consent Agreement and Domestic Violence Civil Protection Order," valid through March 8, 2015. The magistrate's decision was approved and adopted by the trial court on March 10, 2010, and a copy was sent to both parties.

{¶4} On May 18, 2010, Finkel, through her counsel, filed a motion for relief from judgment. In her motion, she alleged that she had two meritorious defenses. First, she argued that she was severely hearing impaired and was "unable to fully comprehend the nature and substance of the [March 8th] proceedings." Finkel went on to explain by way of an affidavit in support of her motion that she appeared at the hearing with the intent of requesting a continuance in order to obtain counsel. According to Finkel, she was told by the court bailiff that she needed to discuss her request for a continuance with Staats' counsel, which she did, however, Staats' counsel opposed her request. Finkel further attested that she did not understand that she needed to request a continuance from the magistrate. She attested that, because she "did not understand [she] had the right to request a continuance from the magistrate, [she] proceeded with the hearing and with the Consent Decree in open court, believing that [she] had no other option and no right to counsel." Second, she argued that she obtained a Protection From Abuse order against Staats in Pennsylvania on April 12, 2010, following a full hearing based on the same incident that occurred in February. She points to that order in support of her assertion that Staats was the aggressor in the incident, and she was the victim. Though her motion stated that the Pennsylvania order was attached, there is no such order contained in the record. In closing,

Finkel stated, without any argument in support, that the civil protection order entered by the trial court should be vacated on the grounds of "mistake and inadvertence."

{¶5} On September 13, 2010, the trial court denied her motion. Finkel timely appealed from the denial of her motion to vacate and asserts one assignment of error for our review.

II

Assignment of Error

"THE TRIAL COURT ERRED IN OVERRULING A 60(B) MOTION TO VACATE WHERE UNCONTESTED AFFIDAVIT STRENGTH EVIDENCE ESTABLISHED THAT APPELLANT WAS SIGNIFICANTLY HEARING IMPAIRED AND WAS UNREPRESENTED BY COUNSEL[.]"

{¶6} In her sole assignment of error, Finkel argues that the trial court erred in denying her motion to vacate the civil protection order. We disagree.

{¶7} As a preliminary matter, we note that the record reveals that, in the protection notice issued to the National Crime Information Center in conjunction with the initial ex parte order, the trial court included that Finkel "is hard of hearing" and that she "reads lips." Staats also recorded in the "special instructions" section of his service request to the sheriff's department that Finkel "has hearing loss, but reads lips." Thus, there is evidence in the record that the trial court was aware, and had made others aware, of Finkel's hearing difficulties. Further, we note that the transcript from the March 8th hearing demonstrates that the trial court clarified with Finkel, on the record, that she had consented to avoid Staats pursuant to the same terms and conditions imposed in the original ex parte order, and that Finkel affirmed that was the parties' agreement. At no point did she suggest to the trial court that she required assistance in order to properly understand the proceedings based on her hearing difficulties. See R.C. 2311.14 (requiring the court to provide a qualified interpreter to assist in the event a person cannot understand a proceeding based on a hearing impairment).

{¶8} The decision to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 174. An abuse of discretion means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. Civ.R. 60(B) states, in relevant part,

> "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time[.]" *GTE Automatic Electric, Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.

The denial of a Civ.R. 60(B) motion is proper if the moving party fails to satisfy any one of the foregoing requirements. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20.

{¶9} The Supreme Court has held "that Civ.R. 60(B) may not be used as a substitute for appeal." *Doe v. Trumbull Cty. Children Servs. Bd.* (1986), 28 Ohio St.3d 128, 131. That is, "the availability of Civ.R. 60(B) relief is generally limited to issues that cannot properly be raised on appeal." *Haas v. Bauer*, 9th Dist. No. 02CA008198, 2004-Ohio-437, at ¶25, citing *Yakubik v. Yakubik* (Mar. 29, 2000), 9th Dist. No. 19587, at *2. Therefore, the trial court acts within its discretion in denying a motion to vacate where the movant attempts to raise matters that should have been raised in a direct appeal. *Spano Brothers Const., Inc. v. Leisinger* (July 24, 1996), 9th Dist. No. 17438, at *2.

{¶10} Though cast as two separate meritorious defenses in her motion to vacate, Finkel essentially argues that her due process rights were violated at the March 8th hearing. That is, she argues that because of her hearing difficulties, she was unable to appreciate the substance of the proceeding, and therefore, alleges she was denied a meaningful opportunity to be heard by the trial court. Had she been afforded that opportunity, she would have requested a continuance in

order to secure counsel. Upon obtaining counsel, she then maintains that she would have been able to successfully defend against Staats' claim and demonstrate that she was the victim of domestic violence, not the perpetrator. Hence, her ability to assert that she had a meritorious defense stems from her alleged due process violation.

{¶11} Finkel's alleged due process violation, however, could have been raised by way of a direct appeal. Accordingly, that argument is not the proper subject of a motion to vacate under Civ.R. 60(B). *Haas* at ¶25. See, also, *Jizco Enterprises, Inc. v. Hehmeyer*, 9th Dist. No. 24803, 2010-Ohio-349, at ¶4-11 (concluding that appellants' 60(B) arguments were essentially challenges to the underlying merits of the trial court's decision). Finkel did not need to rely on evidence outside the record to allege that she was denied her due process rights at the March 8th hearing, and she could have properly challenged the trial court's decision on such constitutional grounds at the time the trial court issued its final order on March 10th. Moreover, as previously noted, Finkel's motion to vacate failed to include any discussion of, or legal support for, her assertion that she was entitled to relief on the basis of mistake or inadvertence, as the motion focused solely on whether she could establish a meritorious defense to Staats' petition. See *Rose Chevrolet, Inc.*, 36 Ohio St.3d at 20 (acknowledging that the failure to satisfy any one of the three requirements set forth in *GTE Automatic Electric* is fatal to a motion filed pursuant to Civ.R. 60(B)).

{¶12} Because the issues raised by Finkel were not the proper subject of a Civ.R. 60(B) motion, the trial court did not abuse its discretion in denying her motion to vacate the consent agreement and civil protection order. *Spano Brothers Const., Inc.*, at *2. Accordingly, Finkel's sole assignment of error is overruled.

III

**{¶13}** Finkel's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

BELFANCE, P. J.
DICKINSON, J.
CONCUR

APPEARANCES:

EDMUND M. SAWAN, Attorney at Law, for Appellant.

EDWARD BONETTI, Attorney at Law, for Appellee.