[Cite as *State ex rel. DeWine v. Helms*, 2013-Ohio-359.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO, ex rel., MICHAEL DEWINE, ATTORNEY GENERAL OF OHIO

      Appellee

      v.

JOEL HELMS, dba COUNTRYVIEW SOUTH APARTMENTS, et al.

      Appellants

C.A. No.     26472

APPEAL FROM JUDGMENT ENTERED IN THE COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO CASE Nos.    CV 2007 11 4993
                  CV 2000 07 3102

DECISION AND JOURNAL ENTRY

Dated: February 6, 2013

WHITMORE, Judge.

{¶1} Defendant-Appellants, Joel and James Helms, dba CountryView South Apartments, appeal from the judgment of the Summit County Court of Common Pleas, denying their motion for relief from judgment. This Court affirms.

I

{¶2} In 2000, the Ohio Attorney General, on behalf of the Ohio Environmental Protection Agency ("EPA"), filed a complaint against Appellants, alleging that they had failed to properly operate and maintain the wastewater treatment plant which serviced CountryView South Apartments. The parties resolved the case by entering into a written consent decree requiring Appellants to make changes to the wastewater treatment plant and to apply for permits. In 2004, the attorney general filed a motion for contempt, arguing Appellants were in violation of the consent decree.

{¶3} In 2007, the attorney general filed another complaint against Appellants, alleging drinking water violations and illegal discharge of sewage into a wetland. Both cases were tried to the bench over several days. On December 9, 2008, the court entered a judgment (1) finding Appellants liable for drinking water and water pollution violations, (2) requiring Appellants to tie into the public water and sewer facilities, and (3) assessing civil penalties for the water pollution violations. Appellants filed a Civ.R. 60(B) motion to vacate the judgment and requested a new trial pursuant to Civ.R. 59. Appellants argued that the judgment was contrary to law and that a recent amendment to the Ohio Constitution prevented the State from interfering with Appellants' rights to the reasonable use of water on their private property. The court denied Appellants' motion.

{¶4} On April 14, 2009, after further hearings, the court entered a judgment assessing civil penalties for the drinking water and consent decree violations. Appellants appealed, and this Court affirmed. *State ex rel. Cordray v. Helms*, 192 Ohio App.3d 426, 2011-Ohio-569 (9th Dist.).

{¶5} On February 9, 2012, Appellants, pro se, filed another Civ.R. 60(B) motion for relief from judgment, and the State filed a memorandum in opposition. Subsequently, Appellants, through counsel, filed a reply addressing the issue of the timeliness of the Civ.R. 60(B) motion and requesting additional time to evaluate and submit factual support. The court granted Appellants' request for more time, but no further documents were filed. On May 5, 2012, the court denied Appellants' motion for relief from judgment, and Appellants, acting pro se, now appeal and raise one assignment of error for our review.

II

<u>Assignment of Error</u>

THE TRIAL COURT ERRED IN DENYING CIVIL RULE 60(B) MOTION.

**{¶6}**   In their sole assignment of error, Appellants argue the court erred by denying their motion for relief from judgment without holding a hearing.  We disagree.

**{¶7}**   Civ.R. 60(B) provides:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.  The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.  A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

**{¶8}**   To prevail on a motion for relief from judgment, the moving party must demonstrate that:

> (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.  A moving party is not automatically entitled to a hearing on a motion for relief from judgment.  *FirstMerit Bank, N.A. v. Reliable Auto Body Co.*, 169 Ohio App.3d 50, 2006-Ohio-5056, ¶ 10 (9th Dist.).  "[I]f the Civ.R. 60(B) motion contains allegations of operative facts which would warrant relief from judgment, the trial court should grant a hearing to take evidence

to verify those facts before it rules on the motion." *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151 (1996).

{¶9} A trial court's decision to deny a motion for relief from judgment without holding a hearing is reviewed for an abuse of discretion. *Id*. at 152. *Accord Somani v. Dillon*, 9th Dist. No. 2839, 1994 WL 189773, *1 (May 18, 1994). An abuse of discretion implies that the court's decision was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶10} A Civ.R. 60(B) motion may not be used as a substitute for an appeal. *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128 (1986), paragraph two of the syllabus. "[T]he availability of Civ.R. 60(B) relief is generally limited to issues that cannot properly be raised on appeal." *Haas v. Bauer*, 156 Ohio App.3d 26, 2004-Ohio-437, ¶ 25 (9th Dist.). "Therefore, the trial court acts within its discretion in denying a motion to vacate where the movant attempts to raise matters that should have been raised in a direct appeal." *Staats v. Finkel*, 9th Dist. No. 25625, 2011-Ohio-4063, ¶ 9. Furthermore, "[r]es judicata prevents the successive filings of Civ.R. 60(B) motions [for] relief from a valid, final judgment when based upon the same facts and same grounds or based upon facts that could have been raised in the prior motion." *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, ¶ 8, quoting *Beck-Durrell Creative Dept., Inc. v. Imaging Power, Inc.*, 10th Dist. No. 02AP-281, 2002-Ohio-5908, ¶ 16.

{¶11} While Appellants' arguments are not entirely clear, it appears Appellants argue that, at trial, the State did not prove that it had a written request from the director of the EPA to bring the actions against them. According to Appellants, absent this request from the director they saw no need to defend against the accusations of code violations because they were only

subject to liability for actual damages. Appellants now want to challenge the "State[']s alleged facts that were not relev[a]nt, [and] therefore not contested during trial but then had a bearing on final judgment."

EPA Letter

**{¶12}** To the extent that Appellants challenge the letter from the EPA director, this argument relies on matters solely within the record and, therefore, was an issue for direct appeal, not a Civ.R. 60(B) motion. *Staats* at ¶ 9. A Civ.R. 60(B) motion may not be used as a substitute for an appeal. *Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d at paragraph two of the syllabus. In fact, this issue was raised in Appellants' direct appeal, in which this Court "conclude[d] that the trial court correctly determined that the attorney general had authorization to file the 2007 action against the Helmses for their alleged drinking-water and water-pollution violations." *Helms*, 192 Ohio App.3d 426, 2011-Ohio-569, at ¶ 13. Accordingly, the trial court did not abuse its discretion in denying Appellants' motion for relief from judgment based on this argument.

Excusable Neglect

**{¶13}** Next, Appellants argue that they are entitled to a relief from judgment because they did not defend against the accusations of code violations because they believed that the State had not proven it had authority to bring the charges and, therefore, they were only subject to liability for actual damages. Appellants' argument appears to be one of excusable neglect. "Under the general definition of excusable neglect, it is some action 'not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident.'" *McEnteer v. Moss*, 9th

Dist. Nos. 22201 & 22220, 2005-Ohio-2679, ¶ 14, quoting *Black's Law Dictionary* 566 (6th Ed.1990).

{¶14} However, even assuming for argument's sake that Appellants did not defend and that amounted to excusable neglect under Civ.R. 60(B)(1), Appellants' motion is untimely. A motion for relief from judgment based on excusable neglect must be made within one year of judgment. Civ.R. 60(B). Appellants' motion was filed more than two and a half years after final judgment. Moreover, res judicata applies to the extent that Appellants challenge the December 2008 judgment because the argument could have been raised in their first Civ.R. 60(B) motion filed on December 23, 2008. Accordingly, the trial court did not abuse its discretion in denying Appellants' motion for relief from judgment based on this argument.

Manifest Weight

{¶15} Appellants also make several arguments that the evidence does not support the trial court's findings. Specifically, Appellants argue a State's exhibit contradicts the testimony of a State's witness and supports Appellants' defense to the water code violations (that there were two water systems instead of one). In essence, Appellants argue that the judgment is against the manifest weight of the evidence. In doing so, Appellants rely solely on evidence in the record. Accordingly, this is an issue that should have been raised in their direct appeal and is not appropriate in a Civ.R. 60(B) motion. *See Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d at paragraph two of the syllabus. Accordingly, the trial court did not abuse its discretion in denying Appellants' motion for relief from judgment based on this argument.

Newly Discovered Evidence

{¶16} Appellants appear to argue that they are entitled to relief from judgment because of newly discovered evidence. Specifically, Appellants argue that the wetlands died one year

after the removal of the effluent and that this establishes that the wetland was not "waters of the state." Even assuming this qualifies as newly discovered evidence, Appellants' motion is untimely under Civ.R. 60(B)(2).

{¶17} Civ.R. 60(B)(2) permits a party to seek relief from judgment based on "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B)." Civ.R. 60(B)(2). The rule requires the motion to be made within one year of judgment. Civ.R. 60(B). Appellants' motion was filed more than two and a half years after the trial court's final judgment.

{¶18} To the extent that Appellants contend this argument falls within Civ.R. 60(B)(5), we disagree. "Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B)." *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64 (1983), paragraph one of the syllabus. Appellants have presented no argument as to why the catch-all, and not the newly discovered evidence, provision should apply. Accordingly, the trial court did not abuse its discretion in denying Appellants' motion for relief from judgment based on this argument.

Fraud on the Court

{¶19} Lastly, Appellants argue that they are entitled to relief from judgment under Civ.R. 60(B)(5) because there was fraud on the court. Specifically, Appellants "claim[] that [] an Assistant Ohio Attorney General [] provided false information to an expert who, relying upon that false information, provided a report and that report was then used by an expert who testified at trial, basing his opinion on the report generated by false information provided by the

[Assistant Attorney General]." However, Appellants submitted no evidence in support of their claim.

{¶20} Appellants filed their Civ.R. 60(B) motion pro se, and the State responded with a memorandum in opposition. Subsequently, Appellants, through counsel, filed a reply on the limited issue of timeliness of their Civ.R. 60(B) motion and requested additional time to evaluate and provide the court with factual support for their motion. The court granted Appellants' request for additional time, but no further filings were made. Having provided no support for their claim of fraud on the court, the trial court did not abuse its discretion in denying Appellants' motion for relief from judgment. Appellants' assignment of error is overruled.

III

{¶21} Appellants' assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
BETH WHITMORE
FOR THE COURT

MOORE, P. J.
BELFANCE, J.
CONCUR.

APPEARANCES:

JOEL A. HELMS, pro se, for Appellant.

MICHAEL DEWINE, Ohio Attorney General, and L. SCOTT HELKOWSKI and CHRISTINE L. RIDEOUT, Assistant Attorneys General, for Appellee.