[Cite as *McFall v. McFall*, 2013-Ohio-2320.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| JAMES E. MCFALL | C.A. No.     26418 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| BRENDA M. MCFALL | COURT OF COMMON PLEAS |
| | COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     DR 2009-01-0174 |

DECISION AND JOURNAL ENTRY

Dated: June 5, 2013

---

MOORE, Presiding Judge.

{¶1}    Defendant-Appellant, Brenda McFall, appeals from the April 2, 2012 judgment entry of the Summit County Court of Common Pleas, Division of Domestic Relations. We reverse.

I.

{¶2}    After nearly thirty-three years of marriage, James McFall ("Husband") and Wife divorced on February 22, 2010. At the time of their divorce, they had several retirement and pension plans to be divided through Qualified Domestic Relations Orders ("QDRO"), including: (1) Husband's defined benefit pension from his service in the United States Air Force through the Department of Defense, (2) Husband's 401k with Toyota of Bedford through Wachovia, (3) Wife's defined benefit pension through First Energy Corp., (4) Wife's retirement savings plan through First Energy Corp., (5) Wife's 401k plan through KeyBank, and (6) Wife's defined benefit pension through KeyBank. For purposes of determining the marital portion of the

parties' pensions, the length of the marriage was determined to be February 19, 1977, through December 10, 2009.

{¶3} The parties' Decree of Divorce included a provision entitled "Preretirement Survivorship Protection for Alternate Payee," which stated:

> In order to secure an Alternate Payee's ownership right in the assigned portion of the Participant's retirement benefits under the Plan, in the event that the latter predeceases the Alternate Payee and *neither party has commenced* his or her benefits under the Plan, such Alternate Payee shall be designated as the surviving spouse of the other for purposes of establishing his/her entitlement to receipt of this monthly preretirement surviving spouse annuity. This designation applies to the Marital Portion of a Participant's Accrued Benefit as set forth above. In the event that the costs associated with providing this preretirement death benefit coverage are not fully subsidized by a Participant's employer, then the Participant must make an affirmative election for such preretirement surviving spouse coverage in a timely manner and in accordance with his/her employer's election procedures.

(Emphasis added.) However, the Decree of Divorce was silent as to survivorship benefits for accounts in which the participant was *already* receiving benefits. Prior to the parties' divorce, the record indicates that Husband was receiving benefits from his military pension.

{¶4} In February of 2011, an order approved by both parties and the trial court was journalized with regard to Husband's military pension payable under the Civil Service Retirement System. The order provided that, "[p]ursuant to Section 8341(h)(1) of Title 5, United States Code, [Wife] shall be awarded a former spouse survivor annuity under the Civil Service Retirement System *to the same extent that was elected by [Husband] on his date of retirement, if any.*" (Emphasis added.) This order was then submitted to Husband's plan administrator for approval.

{¶5} In May of 2011, Wife received a letter from the Civil Service Retirement System notifying her that she was denied the joint survivorship option for Husband's military pension because the language in the parties' Decree of Divorce differs from the language in the proposed

QDRO. The effect of this decision is that if Husband predeceases Wife, Wife would no longer receive any benefits through Husband's military pension.

{¶6} After attempting unsuccessfully to rectify the situation with the plan administrator and Husband, Wife filed a Civ.R. 60(B) motion with the trial court and attached an affidavit stating, in part, that: (1) at the time of their divorce, Husband informed her that she had joint survivorship in his retirement account that was already in payout, (2) she and Husband intended to give each other survivorship benefits throughout the divorce, (3) the QDROs were drafted to give the other party survivorship benefits in their former spouses' retirement accounts, (4) Husband's plan administrator denied Wife joint survivorship benefits due to a language discrepancy in the Decree of Divorce, and (5) the language used in the Decree of Divorce was given to the parties' attorneys by the trial court.

{¶7} Husband filed a response along with an affidavit, stating, in part, that the QDRO "mirrors" the provisions of the divorce decree and that his military pension was in payout status prior to the parties' divorce. However, in his affidavit, Husband did not refute Wife's assertions that he told her she had joint survivorship benefits in his military pension at the time of the divorce, or that it was the parties' intention to give each other survivorship benefits.

{¶8} Without holding a hearing, the trial court denied Wife's motion finding it to be untimely and without merit.

{¶9} Wife appealed, setting forth two assignments of error for our consideration. Because it is dispositive of this appeal, we will now address Wife's second assignment of error.

II.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT OVERRULED [WIFE'S] 60(B) MOTION TO VACATE WITHOUT HOLDING A HEARING WHERE [WIFE] HAD ALLEGED SUFFICIENT OPERATIVE FACTS WARRANTING RELIEF PURSUANT TO CIV.R. 60(B)[.]

{¶10} Civ.R. 60(B) provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

{¶11} To prevail on a motion for relief from judgment under Civ.R. 60(B), a party must demonstrate: (1) a meritorious defense or claim; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. If any of these three requirements is not met, the motion is properly overruled. *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994).

{¶12} The question of whether such relief should be granted is within the sound discretion of the trial court. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). This Court, therefore, will not reverse the trial court's decision absent an abuse of discretion. *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 19-20 (1996). The phrase "'abuse of discretion' * * * implies that the [trial] court's attitude [was] unreasonable, arbitrary or unconscionable." *Blakemore v.*

*Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶13} Further, "[a] movant has no automatic right to a hearing on a motion for relief from judgment." *Aurora Loan Servs., L.L.C. v. Wilcox,* 2d Dist. No. 2009 CA9, 2009-Ohio-4577, ¶ 15, quoting *Hrabak v. Collins*, 108 Ohio App.3d 117, 121 (8th Dist.1995). "It is an abuse of discretion for a trial court to overrule a Civ.R. 60(B) motion for relief from judgment without holding an evidentiary hearing *only if* the motion or supportive affidavits contain allegations of operative facts which would warrant relief under Civ.R. 60(B)." (Emphasis added.) *Aurora Loan* at ¶ 15, citing *Boster v. C & M Serv., Inc.,* 93 Ohio App.3d 523, 526 (10th Dist.1994).

{¶14} Here, Wife specifically argued that she was entitled to relief pursuant to Civ.R. 60(B)(5), which required her to demonstrate that her motion was made within a reasonable time. Although the issue of "[w]hat constitutes 'reasonable time' for filing the motion under Civ.R. 60(B) depends upon the facts of the case," *Stickler v. Ed Breuer Co.*, 8th Dist. Nos. 75126, 75129, and 75206, 2000 WL 218380, *3 (Feb. 24, 2000), "[a] movant must offer some operative facts or evidential material demonstrating the timeliness of his or her motion." *In re Guardianship of Brunstetter*, 11th Dist. No. 2002-T-0008, 2002-Ohio-6940, at ¶ 14, citing *Shell v. Cryer*, 11th Dist. No. 2001-L-083, 2002-Ohio-848.

{¶15} The record indicates that, on May 11, 2011, Wife first discovered that the QDRO for Husband's military pension had been rejected because of an alleged discrepancy between the language in the QDRO and the Decree of Divorce regarding the absence of post-retirement survivorship language. As stated above, the Decree of Divorce speaks to pre-retirement

survivorship benefits, but is silent as to post-retirement survivorship benefits. However, the February 10, 2011 QDRO, ordering that Wife receive a portion of Husband's benefits payable under the Civil Service Retirement System, states that Wife "shall be awarded a former spouse survivor annuity * * * to the same extent that was elected by [Husband] on his date of retirement, if any."

{¶16} It is worth noting again that the February 10, 2011 QDRO was signed and approved by both parties' attorneys and the trial court. Apparently, no one caught the inconsistency between the language in the decree and the language in the QDRO.

{¶17} While the language in the February 10, 2011 QDRO does not grant Wife an absolute right to receive survivorship benefits in Husband's pension, it does award Wife a survivor annuity to the *same extent that was elected by Husband on the date of his retirement, if any*.

{¶18} In Wife's affidavit supporting her Civ.R. 60(B) motion, she averred that when Husband retired, he informed her that he elected for her to have survivorship benefits in his pension. Husband's affidavit does not refute that he told Wife that he elected for her to have survivorship benefits at the time of his retirement. Therefore, at the time of the parties' divorce, Wife believed that Husband had *already* elected for her to receive survivorship benefits. As such, it was not unreasonable for Wife to file her Civ.R. 60(B) motion only after receiving the 2011 letter alerting her that benefits would terminate upon Husband's death.

{¶19} Accordingly, we conclude that Wife's 60(B) motion was filed within a reasonable time and that Wife's affidavit alleged operative facts that would warrant relief under Civ.R. 60(B)(5). As such, the trial court abused its discretion in denying Wife's Civ.R. 60(B) motion without first holding a hearing.

**{¶20}** Wife's second assignment of error is sustained.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO VACATE ITS PRIOR COURT ORDER PURSUANT TO [CIV.R.60(B)] AS IT RELATES TO THE PARTIES' QUALIFIED DOMESTIC RELATIONS ORDER[.]

**{¶21}** Based upon this Court's resolution of Wife's second assignment of error, Wife's first assignment of error is rendered moot.

### III.

**{¶22}** In sustaining Wife's second assignment of error and rendering Wife's first assignment of error moot, the judgment of the Summit County Court of Common Pleas, Division of Domestic Relations, is reversed, and this cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____

CARLA MOORE
FOR THE COURT



CARR, J.
CONCURS.

WHITMORE, J.
DISSENTING.

{¶23} I respectfully dissent, as I would conclude that the language of the divorce decree is clear, and therefore, the issue should have been raised on appeal.

{¶24} The initial complaint for divorce was filed in January 2009. After discovery, a settlement agreement was reached and read into the record on December 10, 2009. On February 22, 2010, the court entered a divorce decree in which it took into consideration the "various agreements [of the parties] on the record as to the division of assets, debts and other property and support matters."

{¶25} The decree detailed the parties' retirement accounts and included a special provision intended to protect the former spouse's survivorship rights in any *preretirement* accounts. Husband's civil service pension was in payout status at the time of the settlement agreement. Wife does not dispute that Husband was collecting his pension prior to the divorce. Instead, Wife argues that the parties did not intend to distinguish between retirement accounts that were being disbursed and those that had not yet commenced. Specifically, Wife argues, "we both intended to give each other survivorship benefits."

**{¶26}** Assuming Wife's argument to be true, the language in the decree does not properly reflect the intent of the parties, and Wife could have filed a direct appeal and produced transcripts of the settlement agreement(s) evidencing their true intent. "A motion for relief from judgment is not a substitute for an appeal, and errors which could have been corrected by a timely appeal cannot be the predicate for a Civ.R. 60(B) motion for relief from judgment." *Ward v. Hengle*, 134 Ohio App.3d 347, 350 (9th Dist.1999), quoting *Kelm v. Kelm*, 73 Ohio App.3d 395, 399 (10th Dist.1992).

**{¶27}** Wife argues that she was unaware that the language in the decree did not grant her survivorship rights in Husband's pension until the plan administrator rejected her request. However, the plain language in the decree does not support her argument. The divorce decree clearly protects the former spouse's survivorship rights only in *preretirement* accounts. Wife was fully aware that Husband's pension was not a preretirement account. If Wife felt that the court erred in entering language that differed from the intent of the parties, she could have appealed from the divorce decree. *Orama v. Orama*, 9th Dist. No. 08CA009321, 2008-Ohio-5188, ¶ 7 ("That a judgment contains a mistake, without more, is not a basis for relief from judgment under Rule 60(B) of the Ohio Rules of Civil Procedure. Rather, that a judgment contains a mistake is a proper ground for a timely appeal."). "A party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal." *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128 (1986), paragraph two of the syllabus.

**{¶28}** Because Wife may not use a Civ.R. 60(B) motion as a substitute for an appeal, I would conclude that the trial court did not abuse its discretion in denying her motion to vacate the portion of the divorce decree without a hearing. *See Staats v. Finkel*, 9th Dist. No. 25625, 2011-Ohio-4063, ¶ 9.

**{¶29}** For the foregoing reasons, I respectfully dissent.

APPEARANCES:

LYNDA HARVEY WILLIAMS, Attorney at Law, for Appellant.

ROBERT ROE FOX, Attorney at Law, for Appellee.